

ROBERT C. SINGER, ESQ.
rob@singerlegalpllc.com

December 13, 2023

**By ECF**
The Honorable Lawrence J. Vilardo
United States District Court for the
 Western District of New York
2 Niagara Square
Buffalo, New York 14202

Dear Judge Vilardo:

Re: Disclosure of Latest Partially Sealed/Partially *Ex Parte* Motion to Disqualify
<u>USA v. Bongiovanni & Gerace, 19-CR-227-LJV (WDNY)</u>

The purpose of this letter is to seek disclosure of the government's latest partially sealed/partially *ex parte* motion to disqualify Mr. Soehnlein.

At the status conference on December 8, 2023, the government indicated its intent to withdraw and revise its sealed *ex parte* motion to disqualify Mr. Soehnlein due to a purported *per se* conflict (ECF 666). Upon information and belief, the revised motion was filed last night under seal, but was not disclosed to counsel for Mr. Bongiovanni. This afternoon, I contacted the government to inquire why the motion was not disclosed to me and Mr. MacKay believing that we were unintendedly left off an email. AUSA Tripi responded as follows:

> [W]e are not sending [the motion] to you because it does not relate to your client, contains grand jury information, and sending it to you was not my understanding of what the court requested of us. Given the grand jury information, we are required to oppose it's release to anyone beyond the Gerace defense team and their counsel.

We disagree with the government's position vis-à-vis disclosure of the latest partially sealed/partially *ex parte* motion to counsel for Mr. Bongiovanni.

Based on our recollection of the proceedings, the Court directed the government to disclose its latest partially sealed/partially *ex parte* motion to counsel for Mr. Gerace, independent attorneys for Messrs. Soehnlein and Foti, *and* counsel for Mr. Bongiovanni. Indeed, the government even suggested the imposition of a new, motion-specific protective order to govern disclosure—but no such order has been circulated or proposed. Disclosure of the revised sealed motion to Mr. MacKay and I makes logical sense as the Court previously granted counsel for Mr. Bongiovanni access to the first sealed *ex parte* motion to disqualify Mr. Soehnlein. The Court also included us in all of the sealed and in-chambers discussions about the *ex parte* motion, to date. Thus, the government's belief that the Court's position has since changed is illogical.

**SINGER LEGAL PLLC**

The Honorable Lawrence J. Vilardo
December 13, 2023
Page 2

      The government also has unilaterally decided the latest motion to disqualify need not be disclosed to us because, as it sees it, 1) the motion does not relate to Mr. Bongiovanni and 2) the filing contains grand jury information precluded from disclosure by FRCP 6(e). These arguments are unavailing.

      First, this filing absolutely relates to Mr. Bongiovanni. This filing does not implicate Mr. Bongiovanni or his counsel, but as this Court knows, the government's motion has occasioned a delay in this trial. As counsel indicated previously, Mr. Bongiovanni would like to move forward with the scheduled trial date. Since the government's motion has impeded Mr. Bongiovanni's desire to have his trial commence on January 8, 2024 and a new trial date is yet to be determined, the government's motion directly offends Mr. Bongiovanni's right to a speedy trial. Thus, Mr. Bongiovanni has an interest in knowing the contents of the motion to determine whether he will move to sever himself from co-defendant Gerace. This is why the government's motion relates to Mr. Bongiovanni.

      Second, the government's invocation of Rule 6(e) is inapposite. This Court flatly rejected the same argument last week when it determined that the interest in grand jury secrecy codified in FRCP 6(e) is outweighed by the parties need to know some of the information in the initial motion to disqualify so that the parties can respond to the merits of the government's motion. This is why the Court ordered the government to disclose a redacted copy of the initial motion to disqualify to counsel for Mr. Gerace *and* counsel for Mr. Bongiovanni. And the same logic follows here. Counsel for Mr. Bongiovanni is entitled to access to the contents of the latest partially sealed/partially *ex parte* motion for the purpose of evaluating whether severance is necessary to protect Mr. Bongiovanni's rights, and, if severance is sought, to explain to the Court why severance is necessary and required.

      We continue to believe that this entire delay – foisted upon Mr. Bongiovanni and the Court at the Eleventh Hour – is unnecessary and of the government's own creation. If Mr. Bongiovanni decides to move for severance because this government effort will delay his trial well past the previously agreed trial date, then his counsel are entitled to explain to the Court why the reasons for this government-caused delay are meritless and prejudicial to Mr. Bongiovanni and why severance is a fair and just remedy. The information in the latest partially sealed/partially *ex parte* motion will arm us with evidence to do that. As such, we respectfully request the Court to order disclosure of the latest partially sealed/partially *ex parte* motion to counsel for Mr. Bongiovanni forthwith.

      Very truly yours,

      Robert C. Singer

Cc:    All Attorneys (By ECF)