

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*     *716/843-5700*
*138 Delaware Avenue*     *fax 716/551-3052*
*Buffalo, New York 14202*     *Writer's Telephone: 716/843-5839*
    *Writer's fax: 716/551-5863*
    *Joseph.Tripi@usdoj.gov*

December 13, 2023

Honorable Lawrence J. Vilardo
United States District Court Judge
2 Niagara Square
Buffalo, New York 14202

       RE: <u>United States v. Peter Gerace, Jr.</u>
              19-CR-227-LJV and 23-CR-37

Dear Judge Vilardo:

     Please accept this letter response to the letter filed by counsel for defendant Joseph Bongiovanni. *See* ECF No. 690. As the Court is aware, the government agreed to provide attorneys Eric Soehnlein, Mark Foti, and Brian Melber information underlying the *per se* conflict at issue in this case, which includes specific reference to grand jury information. On December 12, 2023, the government submitted to the Court for filing under seal a Revised and Superseding Motion to Disqualify. *See* ECF No. 691 Copies of the sealed motion, which pertains solely to defendant Gerace and Mr. Soehnlein, were provided to the Court and attorneys Soehnlein, Melber, and Foti. The entirety information contained in the motion was previously only made available to the Court *ex parte*.

     While the government continues to maintain that grand jury secrecy should prevail and that its initial decision to proceed *ex parte* had merit, the government has complied with this Court's suggestion in good faith. Importantly, at no time has the Court directed the government to provide grand jury information to defendant Bongiovanni. Indeed, rather than relying upon memory, the transcript of proceedings on December 8, 2023, makes plain that the Court wanted disclosure made to Mr. Soehnlein, Mr. Foti, and Mr. Melber.

Specifically, the Court stated, "I want Mr. Soehnlein and Mr. Melber to have everything," as follows:

> THE COURT: I want Mr. Soehnlein and Mr. Melber to have everything that they need to know about the disqualification motion so that they can weigh in on that. That's my -- that is my job, is to rule on the disqualification motion. And before I do that, I think I've made clear that I think it is only fair that they know everything they need to know about the disqualification motion.
>
> I don't think that they need to know other things that were placed in that to give me context with respect to the other investigation that you've referenced. I get that, and I understand that. And I don't think that that needs to be included.
>
> But I think they need to have everything that you are alleging with respect to Mr. Soehnlein that is part of your disqualification motion. Everything. Okay?
>
> MR. TRIPI: Understand, Your Honor.

*See* Transcript ("Tr."), December 8, 2023, at 5.

***

The Court then clearly contemplated only a response by Mr. Soehnlein, Mr. Foti, and Mr. Melber, as follows:

> THE COURT:  Yes.
>
> And then Mr. Melber, how long -- Mr. Foti,

---

USA v Bongiovanni & Gerace - Status Conference - 12/8/23     7

> Mr. Melber, Mr. Soehnlein, how long do you want to reply to this, to respond?

*See* Tr. at 6-7.

***

When the government suggested that Mr. Melber should not receive a copy, the Court disagreed and required disclosure to Mr. Melber, as follows.

> THE COURT:  No, Mr. -- Mr. Soehnlein, given the allegations that have been made and the disqualification, Mr. Soehnlein is entitled to counsel as well.  And, so, his counsel can review what is -- has been submitted, so that request is denied.
>
> MR. TRIPI:  Okay.

*See* Tr. at 8.

***

Next, the Court indicated that ethics counsel for Mr. Foti, James Grable, Esq., could also receive a copy, and the Court specifically advised counsel for Mr. Bongiovanni that "obviously this is not your horse to ride," as follows:

> MR. TRIPI: Judge, in chambers, you had mentioned a protective order regarding the information. Should we draft something for you to review that would encompass Melber and Mr. Grable as well, in terms of the parameters?
>
> THE COURT: Sure. But, you know, again, I want them to be able to do what they need to do with respect to advising and representing the people that they advise and represent. So it needs to be broad enough to include them and folks in their office with whom they may be working, and those kinds of things. It can be limited to this case, and to the disqualification motion, but yes --
>
> MR. TRIPI: Okay.
>
> THE COURT: -- that's okay, too.
>
> MR. TRIPI: Okay. Thank you.
>
> THE COURT: Yeah. So, Mr. Foti, Mr. Soehnlein, Mr. Melber, and I'm not, don't mean to ignore you folks in the back, but obviously this is not your horse to ride.
>
> How much time do you think you are going to need to respond to this in some way. And, again, I'm not looking for a -- a, you know, a magnum opus, I want to know where we're going with this. And so I would like, you know, something in relatively short order that says what your position is with respect to this, whether we need to brief it further, whether we need, you know, this is -- here's our brief, Judge, we think you can decide the motion right now. Here's our brief, Judge, but we think this is going to take a lot more to decide it. Or, we're not going to submit a brief, we're just going to, you know, ask you to X or Y. I'm happy -- any of those three things, but I would like this to be in relatively short order.

*See* Tr. at 8-9.

4

Accordingly, disclosure of grand jury information to counsel for Bongiovanni was never contemplated, and the government never agreed to it. The grand jury information underlying the government's filing is wholly inapplicable to defendant Bongiovanni and the Court indicated that disclosure would be limited to counsel for Gerace, Mr. Melber, and Mr. Grable (as ethics counsel to Mr. Foti). In the event that the trial date is delayed, and defendant Bongiovanni decides to make a severance motion, the government will either consent or oppose it upon receipt of the motion. By way of reminder, the government was ready for trial dates in June, August, and October 2023 before the *per se* conflict crystalized resulting from information the government obtained in November 2023, as detailed in the government's sealed motion. *See* ECF No. 691. Any suggestions to the contrary by defendant Bongiovanni are plain sophistry.

      Very truly yours,

      TRINI E. ROSS
      United States Attorney


BY:   s/JOSEPH M. TRIPI
       Assistant United States Attorney