UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JOSEPH BONGIOVANNI,

Defendant.

19-CR-227-LJV

---

# ORDER ON MOTIONS *IN LIMINE*

At the final pretrial conference on February 1, 2024, and the final status conference on February 7, 2024, the Court addressed the pending motions *in limine*. The Court heard argument and issued the following rulings, for the reasons stated on the record.[1]  *See* Docket Items 738 and 748.

## I. GOVERNMENT'S MOTIONS AND EVIDENTIARY ISSUES (DOCKET ITEMS 441, 725, 726, 727, AND 728)

### A. Evidentiary Issues

As discussed at the final pretrial conference, the government raised a number of evidentiary issues in addition to its formal motions. The Court issued some rulings on those issues as outlined below.

---

[1] The Court assumes the reader's familiarity with the parties' briefing.

### 1. Bongiovanni's Past Associations and Statements

The Court DENIES the government's request to admit Bongiovanni's comment in his high school yearbook that his future plans included being a "billionaire." The Court also DENIES the government's request to admit Bongiovanni's yearbook photographs WITHOUT PREJUDICE to the renewal of this motion if the defense opens the door to this evidence.

### 2. Bongiovanni's Letter to His Ex-Wife

The Court GRANTS IN PART and DENIES IN PART the government's request to admit a letter from Bongiovanni to his ex-wife. More specifically, the Court will admit the letter with the redactions discussed on the record at the final status conference.

### 3. Coconspirator Statements

The Court will rule on the admissibility of coconspirators statements at the time of trial. If the government intends to offer coconspirator statements through a witness, the government shall make an offer of proof regarding those statements prior to that witness's taking the stand, and the Court will issue a ruling at that time.

### 4. Gerace's Felony Conviction

The parties agree that the objection to this evidence is not applicable in Bongiovanni's trial.

### 5. Italian Organized Crime (IOC) Motive Evidence

The Court already has ruled on this issue in its prior decision on the IOC evidence. *See* Docket Item 657.

### 6. Evidence Regarding Whether Bongiovanni's Actions Comported with DEA Policy or Practice

The Court GRANTS the government's request without prejudice to Bongiovanni's raising specific objections at the time of trial.

### 7. Rule 404(b) Evidence

The Court DENIES the government's request to admit the testimony of C.H. and G.Z. as described in the government's motion for the reasons stated on the record at the final pretrial conference.

### 8. Remaining Evidentiary Issues

The Court will rule on the remaining evidentiary issues identified by the government at the time of trial, as stated on the record at the final pretrial conference.

## B. Motions

### 1. Request for Witness Sequestration Pursuant to Rule 615

The government asked the Court to sequester all witnesses under Federal Rule of Evidence 615, except for FBI Special Agent Brian Burns and Homeland Security Investigations Special Agent Marilyn Hallady.[2]  See Docket Item 441 at 188, Docket Item 748 at 42-43.  The defense had no objection to this request.  See Docket Item 748 at 43.

The Court GRANTS the government's motion, consistent with Federal Rule of Evidence 615. The Court further excepts the defendant from this sequestration order.

---

[2] The government initially identified Homeland Security Investigations Special Agent Curtis Ryan, see Docket Item 441 at 188, but has since changed that request to Special Agent Hallady, see Docket Item 748 at 42-43.

*See* Fed. R. Evid. 615(a).  The Court also prohibits disclosure of trial testimony to witnesses who are excluded from the courtroom under this order and prohibits excluded witnesses from accessing trial testimony.

Additionally, as discussed on the record at the final pretrial conference, both parties' financial experts may attend the testimony of the other party's financial expert notwithstanding the sequestration order.

### 2. Motion to Delay Identification of "Protected Witnesses" and to Preclude Cross-Examination about Witness Addresses

Bongiovanni did not oppose this motion, and it is GRANTED.

### 3. Motion to Admit Defendant's Statements about Race of Individuals the DEA Should and Should Not Be Investigating

The Court GRANTS IN PART and DENIES IN PART this motion.  More specifically, this Court will allow Agent C to testify—and the government to state in its opening—that Bongiovanni used racial slurs, including the "n-word" and the "s-word" (or "n's and s's").  The Court will not, however, allow the government or Agent C to use the actual words of the slurs that the government alleges Bongiovanni used, as the Court finds the use of those words is precluded under Federal Rule of Evidence 403.

### 4. Motion to Preclude Comment, Argument, and Evidence regarding Prosecutorial Charging Decisions.

The defense has indicated that it does not at this time intend to make an argument about the government's charging decisions.  Accordingly, this motion is DENIED AS MOOT without prejudice to the government's raising it again if this issue does arise at trial.

### 5. Motion to Preclude Introduction of Self-Serving Hearsay

The Court will rule on this issue as it comes up at trial.

### 6. Motion to Limit Cross-Examination re: Witnesses Testifying More than Once

The Court will hold this motion in abeyance until trial, as the government indicated it may become moot.

### 7. Motion to Restrict Use of Third-Party Statements for Impeachment.

The Court will rule on this issue as it comes up at trial.

### 8. Motion to Limit Speaking Objections.

The Court will not allow speaking objections. As such, this motion is GRANTED.

### 9. Motion to Preclude Cross-Examination of Victims with Regard to Other Sexual Behavior or Sexual Predisposition

The parties agree that this motion is moot with respect to Bongiovanni's trial.

### 10. Motion to Preclude Introduction of Prior Good Acts.

The Court will rule on this issue as it comes up at trial.

### 11. Request for Judicial Notice of UTC Time Conversion.

Bongiovanni did not oppose this motion, and it is GRANTED.

### 12. Motion to Admit Bongiovanni's Tax Returns

The Court GRANTS the government's motion to admit Bongiovanni's tax returns without prejudice to Bongiovanni's raising specific objections at the time of trial regarding any allegations involving tax fraud.

### 13. Motion to Admit Business Records Pursuant to Rules 803(6) and 902(11)

The Court will rule on this issue as it comes up at trial.

### 14. Motion to Exclude Witness's Personal Text Messages

The Court will hold this motion in abeyance until trial, but—as explained at the final pretrial conference—the Court is inclined to agree with the government that the offensive language should be redacted.

### 15. Motion to Admit Co-Defendant's Statements

The Court will hold this motion in abeyance and decide it at the time of trial. The government shall make an offer of proof on this issue before Protected Witness 10 testifies.

### 16. Motion to Exclude Proposed Expert and Lay Testimony about PTSD and "Police Stress."

The Court will hold this motion in abeyance and decide it at the time of trial. The defense shall make an offer of proof if it intends to offer such evidence.

### 17. Motion to Admit Inextricably Intertwined Evidence

The Court DENIES this motion for the reasons stated on the record at the final pretrial conference.

## II. BONGIOVANNI'S MOTIONS (DOCKET ITEM 658)

### A. Motion to Preclude Polygraph Results and Credibility Assessments Derived Therefrom

The parties have agreed that this motion is moot based on the government's representation that it will not seek to admit the results of any polygraph tests.

**B.     Motions to Preclude J.B., M.S., and J.P. Evidence**

The Court DENIES these motions without prejudice to Bongiovanni's raising specific objections at the time of trial.

**C.     Motion Regarding J.J.**

This motion is unopposed and is therefore GRANTED.

**D.     Motions Regarding C.Q.**

The parties agree that these motions are moot with respect to Bongiovanni's trial.

**E.     Motions Regarding D.K.**

The government does not at this time intend to admit D.K.'s opinion statement about the indictment but reserves its right to seek to admit that statement in rebuttal. Accordingly, that motion is moot for now.

The second motion regarding D.K. is moot in light of this Court's ruling on the 404(b) evidence.

The third motion regarding D.K. is unopposed and is therefore GRANTED.

**F.     Motion Regarding J.V.**

The parties have agreed that the defense may cross-examine on the fact that J.V. assisted the prosecution team but may not introduce J.V.'s email.

**G.     Motion Regarding D.J.G.**

The government has indicated that it will not seek to admit this evidence in light of the Court's other rulings on the 404(b) evidence. Accordingly, this motion is moot.

**H.     Motion Regarding N.S.**

This motion is DENIED so long as the government lays the proper foundation for N.S.'s testimony, as discussed at the final pretrial conference. With respect to any reputation evidence, the government shall make an offer of proof prior to N.S.'s testimony.

**I.      Motion Regarding W.A.**

This motion is moot in light of the government's representation that it does not plan to offer the testimony the defense sought to preclude.

**J.      Motion Regarding F.H.**

This motion is unopposed and therefore GRANTED.

**K.     Motion Regarding T.M.**

This motion is DENIED without prejudice to Bongiovanni's raising specific objections at trial.

**L.     Motions Regarding G.R.**

This motion is unopposed and therefore GRANTED.

**M.    Motion Regarding C.H.**

This motion is GRANTED IN PART and DENIED IN PART. More specifically, the Court precludes C.H. from testifying that the form Bongiovanni was holding was a DEA Form 6. The Court will permit C.H. to testify about the Monday meetings provided the government lays a foundation that establishes these meetings meet the criteria for habit evidence.

### N. Motion Regarding E.O.

The government does not at this time intend to admit D.K.'s opinion statement about the indictment but reserves its right to seek to admit that statement in rebuttal. Accordingly, that motion is moot for now.

### O. Motion Regarding A.B.

This motion is GRANTED IN PART and DENIED IN PART. More specifically, A.B. may testify that he asked a dancer at Pharaoh's whether they had any cocaine and she offered him marijuana. A.B. may not, however, testify as to his speculation that Pharaoh's did in fact have cocaine.

### P. Motion Regarding K.N.

The Court GRANTS this motion with respect to K.N.'s prior convictions without prejudice to the government seeking to admit them if the defense opens the door by suggesting K.N. did not have an alcohol problem. The Court will hold the remainder of this motion in abeyance until trial.

### Q. Motion Regarding R.M.

This motion is unopposed and therefore GRANTED.

### R. Motions Regarding K.M.

The Court will hold these motions in abeyance on rule on them at the time of trial. The Court notes, however, that it is inclined to admit K.M.'s lay opinion testimony if the government lays the proper foundation.

**S.    Motions Regarding L.S.**

The Court will hold these motions in abeyance until the time of trial, with the exception of the third motion, which was unopposed and is therefore GRANTED.

SO ORDERED.

Dated:   February 9, 2024
         Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE