UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                          Case No.: 19-CR-227

JOSEPH BONGIOVANNI,

PETER GERACE, JR.,

Defendants.

_____

UNITED STATES OF AMERICA,

v.

PETER GERACE, JR.,                                                                Case No.: 23-CR-37

Defendant.

_____

# MR. GERACE'S SUR-REPLY IN RESPONSE TO THE GOVERNMENT'S REPLY BRIEF FILED ON JUNE 5, 2024 (Dkt. 997)

In the Reply to its Second Motion to Disqualify Attorney Soehnlein (Dkt. # 919), the government asserts new facts and makes new arguments in two respects.

First, the presents a new narrative regarding what occurred at the May 17, 2023, court appearance, filed under seal at Dkt. # 488. The government's characterization of the colloquy is absolutely wrong. The inferences the government asks the Court to draw from the transcript would be wrong as well.

1

Second, the government makes new arguments regarding the legal precedent associated with the disqualification of counsel, which includes misstating the holdings of several cases.

The government's assertion of new facts and new legal arguments in its Reply compels the defense to seek leave for the Court to consider this Sur-Reply, especially because those new facts and legal arguments are repeatedly misrepresented.

I. **The May 17, 2023 Colloquy Exculpates Mr. Gerace and Further Demonstrates Attorney Soehnlein Cannot be a Witness Against Mr. Gerace**

Addressing the May 17 colloquy, the government states:

> Instead, to boot Judge Sinatra from the case and obtain his desired adjournment, Gerace would have had to file a motion under § 455(a), as Judge Sinatra directed him to do on May 17th, and litigate the issue of recusal fair and square. But, because he knew based on Judge Sinatra's comments during the May 17th hearing that he would likely lose such a motion, he engineered his desired outcomes through deceit and trickery, violating the norms and rules that distinguish the American federal judiciary worldwide.

Dkt. # 997 at 20.

The statement wholly mischaracterizes the substance and import of the May 17, 2023, discussion.

The May 17, 2023, court appearance was important for several reasons. First, the Court made clear it would likely grant Mr. Gerace's motion *in limine* to exclude mafia/organized crime evidence, saying:

2

> THE COURT: -- for the motion in limine regarding organized crime evidence. For everyone's benefit, I want you to read United States versus Long, 917 F. 2nd 691 from the Second Circuit, 1990 and a couple -- two or three cases that come after that and cite United States versus Long.  Be prepared to discuss it; put it in your papers. In short, it's a 403 analysis that we're going to have to apply here. And in that case, the Circuit said that evidence was improperly admitted in a case where the organized crime issue was very tangential, which could be the situation we're dealing with here. Based on my at-length study of the issue and long consideration of the issue, long before the Government briefed it, I'm of the mind that this Long case might require exclusion, based on what I have read in the Government's trial brief and the witness list that I've about gone through already. But I'm going to hear you out on that, all of you, so we're going to talk about that when we are back here and we'll see where we're going with that. But, obviously, it's an important enough issue that if it's excluded, the Government ought to have enough time to adjust its case, because based on the way it permeates the witnesses here and there, it affects the theme somewhat, too. So I want to make sure that everyone has adequate opportunity to argue it and then adjust, based on what the ruling is.
>
> Dkt. # 487 at 53-54.

Second, it is clear that the sealed colloquy was about the witness list.  The genesis of the discussion was the following:

> THE COURT: All right. And then we've got the last thing I wanted to cover -- well, maybe close. We're getting close. There is a -- there is a person on the witness list, kind of somewhere in the middle in terms of number of hours you are expecting to have this person on the stand, so maybe a medium priority witness -- I don't know. That person -- if that person were my first cousin, it would require my recusal, but he's Ms. Henry's first cousin -- married to her first cousin.

3

> Okay. I don't think that creates any issues. I think the solution to that is to have her not be here during that person's testimony and we would have a substitute courtroom deputy to sit for her during that witness's testimony. So just make sure -- you can ask her who that is at some point and give her and the Court a heads up on when that person testifies and we will have somebody sitting instead of her. Does anybody have a problem with that solution? Mr. Cooper?
>
> MR. COOPER: No, Your Honor.
>
> THE COURT: Mr. Soehnlein?
>
> MR. SOEHNLEIN: No, Your Honor, but may we approach?[1]
>
> *Id.* at 63-64.

Third, in the context of the discussion about the witness list that followed, Judge Sinatra did not "direct" the parties to file a recusal motion.[2] Instead, after understanding the anticipated proof the government intended to put on at trial and learning the identity of the two witnesses and how their anticipated testimony would rebut that proof, Judge Sinatra indicated (three times) that he did not see a problem with their inclusion on the witness list. *See* Dkt. # 488 at 4, 5, 9. Based on Judge Sinatra's actual statements on the

---

[1] The sealed colloquy begins with the defense summarizing evidence the government had recently provided to the defense, indicating that there were two witnesses with a relationship to the Judge that would rebut that evidence, and indicating the defense believed it had an obligation to make the Judge aware of that issue. Dkt. # 488 at 3.

[2] The government's argument ignores the context of the colloquy; that is, Judge Sinatra forecasting that a decision, likely adverse to the government, was imminent. Based on his view of the law and the timing of the issue, Judge Sinatra's mention of bringing a recusal motion sooner than later was understood to be directed to the <u>government, not the defense.</u> Dkt. # 488 at 9, lines 12-20. It appeared that Judge Sinatra's anticipated decision would have served to benefit the defense of Mr. Gerace.

4

record, the defense left the appearance with the understanding that doing the very act they discussed with the judge – putting those witnesses on the witness list to address the proof discussed at the colloquy– would not necessitate recusal.

Stated in simpler terms, referencing the proof the government intended to elicit at trial, the defense affirmatively raised the likelihood at the May 17, 2023, appearance of needing to place the two witnesses who were related to Judge Sinatra on the witness list, and all parties, including the government, appeared to agreed that doing so would not trigger recusal.

Five weeks later, the defense did exactly what it indicated it would do on May 17, 2023. For reasons that remain unclear, the Court departed from its representations on the record on May 17, 2023. Regardless, the actual content of the May 17 transcript considered in its entirety eviscerates any inference that there was either a motivation or an intention on the part of either defense counsel or the defendant to orchestrate a scheme designed to force the recusal of Judge Sinatra. In convincing fashion, this transcript disproves each and every representation by the government on this subject.

The government's attempt to spin the content of that transcript to draw a different conclusion demonstrates that the government's efforts to disqualify Mr. Soehnlein have never been motivated by duty. This has always been about securing an advantage over Mr. Gerace at the expense of his Sixth Amendment protections.

## II.     **The Government Mischaracterizes the Law**

In addition, to advance its argument that Mr. Soehnlein must be disqualified in the 19-CR-227 case because he may be a witness in the 23-CR-99 case, the government misstates the holding of several cases.

For an attorney to be disqualified as a potential witness, he must either be likely to be called as a witness against his client for the crimes for which the defendant is currently on trial, or he must be compelled to provide information protected by the attorney-client privilege pursuant to a crime-fraud order.  Neither fact is present here.  *See United States v. Cain*, 671 F.3d 271 (2d Cir. 2008) (disqualification did not occur until the defense attorney was served with a grand jury subpoena stemming from the issuance of a crime-fraud order). 671 F.3d at 292; *United States v. Jones*, 381 F.3d 114 (2d Cir. 2004) (disqualifying counsel because of a *per se* conflict (381 F.3d at 121) and, in dicta, noting the possibility the attorney would become a witness at the very trial in which he was representing the defendant.); *United States v. Locascio*, 6 F.3d 924 (2d Cir. 1993) (disqualifying counsel for a constellation of conflicts, all of which involved the acts for which the client was currently on trial[3]); *United States v. Benaquista*, 2008 U.S. Dist. LEXIS

---

[3] Those conflicts included: having acted as "house counsel" for several years for the Gambino Crime Family and representing the criminal enterprise in several different capacities (thus having knowledge about the sophistication, organization and scope of the enterprise); being recorded on government obtained recordings constituting evidence of criminal activity that would be introduced at trial; having previously represented government witnesses who would testify against the defendant at the upcoming trial; and, likely being an unsworn witness based upon personal involvement in several acts that were at issue in that trial.

45298 (W.D.N.Y 2008) (disqualifying counsel where the "[d]efendant used [the attorney] to make representations during the very IRS civil audit that the Government now argues is part of the alleged continuing conspiracy to defraud the United States.") 2008 U.S. Dist. LEXIS 45298 at * 13).

Attorney Soehnlein is not a witness against Mr Gerace with respect to the instant matter for reasons provided to this Court in prior submissions. There is no crime. There is no crime-fraud order. The government well knows these are the facts, but nonetheless has elected to cite to and discuss this precedent without alerting the Court to the significant distinguishing factual backdrop of each of these cases.

### III.   **Conclusion**

Given the misstatements of fact and law provided by the government in its Reply, we respectfully request this Court include this memorandum in the record as part of its deliberation on this issue.

Dated: June 11, 2024

| | |
|---|---|
| s/ Mark A. Foti, Esq. | s/ Eric M. Soehnlein, Esq. |
| Mark A. Foti, Esq. | Eric M. Soehnlein, Esq. |