UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                                  Docket No.: 19-CR-227

JOSEPH BONGIOVANNI,

PETER GERACE, JR.,

Defendants.

_____

UNITED STATES OF AMERICA,

v.                                                                                                  Docket No.: 23-CR-37

PETER GERACE, JR.,

_____

**<u>Mr. Gerace's Memorandum Regarding the Government's Motion for Disclosure of Attorney Soehnlein's *Ex Parte* and Sealed Motion to Withdraw</u>**

I.  **Introduction**

The government seeks access to Attorney Soehnlein's June 26, 2023 *ex parte* motion to withdraw. It is well-settled that motions to withdraw should be received and adjudicated *ex parte* when the safeguard of *ex parte* review is necessary to preserve the confidentiality of attorney-client communications and the attorney-client relationship, to avoid unfair prejudice to the client, and to preserve and safeguard the Sixth Amendment right to counsel. The government is not entitled to know the reasons for withdrawal.

1

Allowing the government to review the motion threatens the very nature of the attorney-client relationship and would improperly expose privileged communications. The government has made no showing that these well-settled principles and concerns do not apply here. Its application should be denied.

In addition, the government's motion rests on its speculation that counsel's motion to withdraw from representing Mr. Gerace was based on citations to portions of the New York State Rules of Professional Conduct the government believes would evidence wrongdoing on the part of Mr. Gerace. Dkt. # 999 at 85, 88. As the Court knows from its review of the motion, those were not the reasons for withdrawal. Put simply, the government's speculation is wrong, and that provides additional reason to deny the government's motion.

The submissions that counsel makes to a court *ex parte* in support of a motion to withdraw are no business of the government. They are not – and for obvious reasons cannot become – discovery devices for the government, especially when the government's speculation about the content of the submission is mistaken and where the government seeks to weaponize the privileged communications against the defendant.

The government should not be permitted to use the *Curcio* process to fish for evidence against a criminal defendant, and in any event the government's speculated reason for wanting access to the motion is not supported by the content of the submission. The motion should be denied.

II.    **The Government's Motion and Posture of this Inquiry**

The government asserts the Court should not accept Mr. Gerace's waiver of any actual or potential conflict with Attorney Soehnlein. Although the government's arguments in this regard continue to change over time as the government continues its efforts to deprive Mr. Gerace of his Sixth Amendment rights, the crux of the government's argument appears to be that Attorney Soehnlein citation Rule 1.16(b) of New York State Rules of Professional Conduct:

> New York State Rules of Professional Conduct Rule 1.16(b), [] provides, in part, 'a lawyer shall withdraw from the representation of a client when: (b)(1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law; or [...] (b)(4) the lawyer knows or reasonably should know that the client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person.

Dkt. # 999 at 88.

The government's speculation ignores several other subsections of the ethical rule that can be cited for permissive withdrawal, and as the Court knows, the motion does not cite (or even mention) the above subsections. The government's speculation is wrong. That alone should foreclose any inquiry.

The government's motion is presented in the context of a *Curcio* inquiry – an inquiry where it is the *Court's* obligation to ensure that the defendant is aware of any

actual or potential conflict of interest and knowingly, voluntarily, and intelligently waives any such conflicts. *United States v. Arrington*, 941 F.3d 24, 28 (2d Cir. 2019). The *Curcio* inquiry does not afford discovery rights to the government, nor should it, and the government's motion does not cite any authority in support of the proposition that the government can access previously filed *ex parte* motions to withdrawal in a federal criminal case in the *Curcio* or any other context.[1]

### III. The Law of Attorney Withdrawal

Under the Western District Court's local rules, an attorney who has appeared as attorney of record in a criminal case "may withdraw only for good cause shown." "Loc. R. Crim. P. 44(b).

Although, the Local Rules of Criminal Procedure do not delve further into the governance of motion practice surrounding withdrawal of counsel, the Local Rules of Civil Procedure provide the following:

> By Motion. In all other instances, an attorney who seeks to withdraw or be substituted as successor counsel shall file a motion, which must be served upon the client and all other counsel of record. *If privileged or otherwise confidential information is reasonably necessary to support the application, such information may be submitted in camera to the Court, with a copy*

---

[1] In support of its motion, the government cites two cases: *Lugosh v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006), a case about news media attempting to gain access to motion papers relating to a summary judgment motion in a federal civil case where any alleged privileged material had been shared amongst the parties pursuant to a confidentiality agreement; and *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019), a case about news media attempting to gain access to filings in a defamation case.

>*to the client only.* If the Court takes no action on an unopposed motion for withdrawal or substitution with thirty (30) days of its filing, the motion will be deemed granted.
>
>Loc. R. Civ. P. 83.2(c)(4)(emphasis added).

Attorney Soehnlein made his *ex parte* and sealed motion to withdraw on June 26, 2023. Dkt. # 541. The government did not oppose Attorney Soehnlein's withdrawal. Dkt.# 546. This is in stark contrast to other attorney motions in this case, where the government vigorously opposed withdrawal. *See, e.g.*, Dkt.# 468 at 17-20 (opposing the withdrawal of Attorney Harrington); Dkt. # 600 (opposing the withdrawal of Attorney Cohen).

Regardless of the government's shifting position, it is well-settled that Courts allow documents in support of attorney motions to withdraw as counsel to be filed *ex parte* and under seal because such safeguards are necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel. *In re Romeo Power Inc. Sec. Litig.*, 2023 U.S. Dist. LEXIS 101679, at *3 (S.D.N.Y. May 30, 2023); *See also C.D.S. Inc. v. Zetler*, 16-CV-3199 (VM) (JLC), 2017 U.S. Dist. LEXIS 43159, (S.D.N.Y. Mar. 23, 2017) (noting that it is "typical" for counsel seeking to withdraw "to submit its memorandum and any supporting materials *ex parte* given that the attorney-client relationship is implicated in the nature of its application."); *United States v. Isaacson*, No. 09-cv-332-LM, 2010 U.S. Dist. LEXIS 124178, at *4, 106 A.F.T.R.2d (RIA) 2010-6957 (D.N.H. Nov. 5, 2010) ("In determining whether a serious, ethical disagreement has arisen between a party and his attorney, this court may review attorney-client communications through an in camera

5

inspection."); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-cv-9262, 1998 U.S. Dist. LEXIS 19859 at 1 (S.D.N.Y. Dec. 23, 1998( ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."); *Team Obsolete Ltd. v. A.H.R.M.A., Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("documents in support of motions to withdraw as counsel are routinely filed *ex parte* and under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and…this method is viewed favorably by the courts."); *Payer v. SGL Carbon, LLC,* No. 05-cv-226E(F), 2006 U.S. Dist. LEXIS 68194, n. 4 (W.D.N.Y. September 22, 2006) (slip copy) (discussing motion to withdraw as counsel which was filed in camera and under seal "for obvious reasons"); *see also Lugosch*, 435 F.3d at 125 (concluding that "attorney-client privilege might well be . . . a compelling reason" to maintain documents under seal); *accord Grossberg v. Fox Corp.*, No. 23 Civ. 2368, 2023 U.S. Dist. LEXIS 49859, 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023).

As one court put it:

> Motions to withdraw . . . pose the unique challenge for counsel to sufficiently articulate the basis for the withdrawal, while at the same time not divulging confidential or privileged communications or otherwise causing prejudice to the client. The balancing act for any outgoing counsel involves a delicate walk of the tightrope of disclosing sufficient information to establish grounds for withdrawal on the one hand, while not disclosing privileged or client confidences on the other. In addition, the outgoing lawyer

6

> always has the duty to take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of a client. *Id.* 2023 U.S. Dist. LEXIS 29508, [WL] at *2 (internal quotation marks and citations omitted). One way to "thread this needle" is for counsel to "provide more detail on an *ex parte* basis as to avoid unnecessarily divulging any confidential specifics." *See, e.g., Thekkek v. LaserSculpt, Inc.*, 2012 U.S. Dist. LEXIS 7646, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (granting motion to withdraw after reviewing, *in camera*, the affidavit and memorandum concerning the "specifics" of the dispute between attorney and client).

*White v. Advanced Cardiovascular Diagnostics, PLLC*, 2023 U.S. Dist. LEXIS 29508 (E.D.N.Y. Feb. 22, 2023); *see also Luxwear Ltd. v. Adaptiv Rsch.*, No. 22-CV-5458 (AT) (BCM), 2023 U.S. Dist. LEXIS 55633, at *4 (S.D.N.Y. Mar. 30, 2023).

As the Court knows, it is standard practice in this district for defense attorneys seeking to raise issues regarding the attorney-client relationship to do so through *ex parte*, sealed submissions to protect the defendants they represent and to prevent prejudice to the client. S*ee, e.g., United States v. Lewis*, W.D.N.Y. Case No. 17-cr-00028 at Dkt. # 140. This is consistent with the New York Rules of Professional Conduct, which require that an attorney accomplish withdrawal without revealing confidential or privileged information or causing prejudice to the client. *See, e.g* New York State Rules of Professional Conduct Rule 1.16(c)(1). The government has made no showing that this process of withdrawal is improper or incorrect, much less any showing that it is entitled to know the reasons behind counsel's request to withdraw. The Court adjudicates

whether the reasons for withdrawal are sufficient, and it simply is no business of the government.

### IV.  The Government's Motion Should be Denied

In its motion, the government makes two arguments in support of access to the *ex parte*, sealed filing.  First, the government asserts that the motion to withdraw may be linked to "conflict issues that are being hotly litigated." Dkt.# 999 at 85.[2]  Second, the government asserts that Mr. Gerace needs to know the content of the motion to make a knowing and voluntary waiver of any potential conflict of interest. *Id*. at 86.

With regard to the first argument, the defense assumes the government's argument relates to the government's speculation that the motion involves citation to the ethical rules set forth above and speculation that it evidences that Attorney Soehnlein could be a witness against Mr. Gerace in the unrelated 23-CR-99 case.  As the Court knows, the motion does not cite to or even mention those subsections of the ethical rules. The motion does not make any factual averment that would support the conclusion that Attorney Soehnlein is to be a witness against his client.  The government's argument is based on guesswork, and it is wrong.

---

[2] The government is duty bound to raise conflict of interest issues. Dkt. # 825 at 28-29.  It is telling that in its most recent filing government characterizes its conduct as "hotly litigating" conflict of interest issues.

8

With regard to the second argument, Mr. Gerace is aware of the reasons for the withdrawal. They were discussed at the time of the withdrawal. They were discussed with counsel prior to Attorney Foti and Attorney Soehnlein entering the case. If the Court sees fit, *Curcio* conflict counsel, Attorney Spitler, can discuss them again with Mr. Gerace as part of the *Curcio* discussion. The government does not articulate any basis why the government requires access to the motion for this to be accomplished, nor could it because it is of no business of the government.

Mr. Gerace – and every criminal defendant in our district – is entitled to preservation of the attorney-client privilege. Defendants are entitled to rely on the safeguard that their lawyer will not reveal privileged communications to the government without his permission. The practice the government is trying to weaponize against Mr. Gerace is a well-established, judicially condoned, uncontroversial way for defense attorneys and criminal defendants to address withdrawal issues without prejudicing the client or exposing his privileged communications and confidences to the government. The government offers no basis to cast aside these fundamental protections, and to do so would irreparably harm the fundamental nature of the relationship between attorney and client and breach the Sixth Amendment by depriving the client of his full right to counsel.

V.     **Conclusion**

The government's motion for disclosure of Attorney Soehnlein's *ex parte*, sealed motion to withdraw as counsel (Dkt. # 541) should be denied in its entirety.

Dated: June 17, 2024

| | |
|---|---|
| s/ Mark A. Foti, Esq. | s/ Eric M. Soehnlein, Esq. |
| Mark A. Foti, Esq. | Eric M. Soehnlein, Esq. |
| **The Foti Law Firm, P.C.** | **Soehnlein Law, PLLC** |
| 16 W Main Street, Suite 100 | 2100 Main Place Tower |
| Rochester, NY 14614 | 350 Main Street |
| (585) 461-1999 | Buffalo, NY 14202 |
| (585) 491-6512 | (716) 771-9092 |