IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                                          19-CR-227-LJV
                                                                  23-CR-37-LJV

PETER GERACE, JR.,

               Defendant
_____

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT GERACE'S MOTION TO DISCLOSE ANY AND ALL *EX PARTE* APPLICATIONS BY THE GOVERNMENT FOR A CRIME-FRAUD ORDER

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, Casey L. Chalbeck, and Caitlin M. Higgins, Assistant United States Attorneys, hereby files its response to defendant Peter Gerace's motion to disclose all *ex parte* applications by the government for a crime-fraud order. *See* Doc. No. 1002.

The Court should deny the defendant's motion because the application and affidavit relate to and affect grand jury proceedings—which are secret, undisclosed to the defendant, and to which the defendant has no right or need to access—and the basis for the defendant's request is moot.

### FACTUAL BACKGROUND

On January 26, 2024, the government filed an application and supporting affidavit for an order finding that the crime fraud exception applied to certain communications between

an attorney and a private investigator relating to two matters the grand jury was investigating.[1] Although the Court has not ruled on the application, on March 15, 2024, when the topic of the government's application for a crime fraud order was raised, the Court stated on the record "I don't know why the government needs a decision.  I mean, that seems to me to be more or less an advisory opinion that they're asking the Court for, and I'm not so sure I'm inclined to give an advisory opinion on this."  *See* Transcript of Oral Argument on March 15, 2024, p. 55.  As the Court is aware, the application relates to a grand jury investigation, and it cites information obtained by the grand jury and, importantly, testimony given to the grand jury by at least two witnesses that is not subject to the Court's prior order directing the disclosure of grand jury material to the defendant.

## ARGUMENT

### I. The Court Should Deny the Defendant's Motion Because the Application and Affidavit Implicate Grand Jury Secrecy.

Because the application for a crime-fraud order was submitted as part of and related to a grand jury investigation not encompassed within the Court's prior disclosure directive, the Court should deny the defendant's motion for disclosure.  A presumption of secrecy applies to grand jury matters.  *See generally* Fed. R. Crim. P. 6(e).  "The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."  *In re Grand Jury Subpoena*, 103 F.3d 234, 237 (2d Cir. 1996) (quoting *Douglas Oil Co. of California v. Petrol*

---

[1] Facts pertaining to the crime fraud application were provided by the prosecutors responsible for making the application pursuant to their investigation, not any of the undersigned trial prosecutors.  The undersigned trial prosecutors are unaware of the case number assigned to the crime fraud application.

2

*Stops Northwest*, 441 U.S. 211, 218 (1979)).  The Second Circuit has repeatedly upheld the need for secrecy of grand jury matters:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*In re Grand Jury Subpoena*, 103 F.3d at 237 (quoting *United States v. Moten*, 582 F.2d 654, 662 (2d Cir.1978)).

The secrecy mandates under Rule 6(e) extend beyond testimony provided to the grand jury to also encompass matters *relating to* and/or *affecting* grand jury proceedings:

> The plain language of the Rule shows that Congress intended for its confidentiality provisions to cover matters beyond those actually occurring before the grand jury: Rule 6(e)(6) provides that all records, orders, and subpoenas *relating to* grand jury proceedings be sealed, not only actual grand jury materials; similarly, Rule 6(e)(5) refers to matters *affecting* a grand jury proceeding, not only the proceedings themselves.

*In re Grand Jury Subpoena*, 103 F.3d at 237 (emphasis in original).  As the Second Circuit noted*,* the commentary to FRCP 6 "recognizes that a proceeding is related to or affects a grand jury investigation if it would reveal matters actually or potentially occurring before the grand jury."  *Id.* at 237-38.

In this vein, the Second Circuit has extended FRCP 6(e) protections to applications for crime-fraud exception orders, such as the one at issue here. *In re John Doe, Inc.*, 13 F.3d 633 (2d Cir. 1994) is instructive. There, the U.S. Attorney's Office served a subpoena on an attorney to testify before the federal grand jury. The AUSA advised the attorney that he would be questioned about the content of communications with the CEO of a company represented by the attorney. The AUSA further advised the attorney that the crime-fraud exception to the attorney-client privilege would apply to those communications because the communications involved an attempt by the CEO to suborn perjury. *Id.* at 635. Counsel for the CEO sent a letter to the AUSA asserting the attorney-client privilege. In response, the government moved to compel compliance with the grand jury subpoena and submitted to the district court, *ex parte*, a sealed affidavit of an FBI agent setting out the factual basis for the government's invocation of the crime-fraud exception to the attorney-client privilege for *in camera* review. Counsel for the CEO objected to the *ex parte* submission and requested that the district court disclose the contents of the affidavit. The district Court rejected the request for disclosure holding that such denial was necessary to preserve grand jury secrecy. *Id.*

On appeal, the Second Circuit affirmed the district court's rejection of the CEO's request for access to the FBI Affidavit, holding "where an *in camera* submission is the only way to resolve an issue without compromising a legitimate need to preserve the secrecy of the grand jury, it is an appropriate procedure." *Id.* at 636 (citing *In re John Doe Corp.*, 675 F.2d 482, 490 (2d Cir.1982)). The Second Circuit has, however, recognized that an *in camera* submission "deprive[s] one party to a proceeding of a full opportunity to be heard on an issue," and its use is justified only by a compelling interest. *In re John Doe Corp.*, 675 F.2d

4

482, 490 (2d Cir.1982); *In re Taylor*, 567 F.2d 1183, 1188 (2d Cir.1977). Unlike here, "where concerns for secrecy are week, an *in camera* proceeding may be justified." *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994). For example, the Second Circuit has concluded that where "a party who sought access to an *in camera* submission would learn the contents of the submission as soon as he was called as a grand jury witness, there was no legitimate concern for secrecy justifying an *in camera* examination." *Id.* (citing *Taylor*, 567 F.2d at 1188). Where, however, "it is not at all clear . . . that the substance of the *in camera* submission would otherwise be revealed" to the requesting party, the Second Circuit has held that a compelling interest exists for an *in camera* inspection. In this case, where identification of witnesses and grand jury secrecy was at stake, the Second Circuit recognized the importance of *ex parte* proceedings to protect grand jury secrecy interests:

> Although the injunction pertained to concerns about potential witnesses, the district court was obviously also concerned about maintaining the secrecy of grand jury proceedings, which implicates Rule 6 of the Federal Rules of Criminal Procedure. Pursuant to that Rule: "Records, orders, and subpoenas relating to grand-jury proceedings *must* be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6) (emphasis added). Additionally, where, as here, "an *in camera* submission is the only way to resolve an issue without compromising a legitimate need to preserve the secrecy of the grand jury, it is an appropriate procedure." *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994); *see also Matter of Marc Rich & Co., A.G.*, 707 F.2d 663, 670 (2d Cir. 1983) ("Although in camera submissions of affidavits are not to be routinely accepted, an exception to this general rule may be made where an ongoing interest in grand jury secrecy is at stake." (citation and quotation marks omitted)).

*United States v. Gerace*, No. 21-2419, 2023 WL 3243477, at *3 (2d Cir. May 4, 2023).

For the same reasons, the Court should deny the defendant's motion for disclosure of the government's application for a crime-fraud exception order here. As the Court is aware, the application relates to grand jury investigations and the application cites information obtained by the grand jury and testimony given to the grand jury by multiple witnesses—information Gerace does not already have. The application discusses the purpose of the request and the need for the crime-fraud exception order to advance the investigation. As such, the application clearly "relates to" and "affects" grand jury proceedings. Disclosing the application to the defense would reveal grand jury testimony, grand jury targets, and the grand jury's investigative steps and strategy. What is more, the defendant should not be allowed manipulate the process as a way to obtain grand jury transcripts of witnesses who will testify in related cases, such as 23-CR-99.

In the face of the foregoing authority, the defendant's only argument for disclosure is that he needs the government's application for a crime-fraud exception to "properly address" the government's arguments regarding potential and actual conflicts of interest. *See* Docket No. 997. The defendant, however, cites no authority for its request and, more significantly, provides no explanation why it needs access to secret grand jury materials in order to "properly address" the arguments raised in the government's reply brief in support of its motion to resolve actual and potential conflicts (Doc. No. 997). Indeed, those arguments were made by the trial team AUSAs, not the prosecutors who sought the crime-fraud application Gerace asks this Court to disclose. It strains credulity that Gerace requires access to the crime-fraud application to respond to arguments made by AUSAs who, themselves,

6

neither sought nor used it to craft any of their arguments. Accordingly, the Court should deny the defendant's motion for disclosure.

## II. The Court Should Deny the Defendant's Motion Because it is Moot.

The Court should also deny the defendant's motion as moot. In his motion for the disclosure of the crime-fraud application, the defendant argued that disclosure was necessary to address the government's motion to resolve potential and actual conflicts of interest. *See* Docket No. 1002 at ¶¶ 11-18. Although the government maintains that this argument fails to trump the compelling interest of maintaining grand jury secrecy, even if it did, the defendant no longer has such a need. On June 21, 2024, the Court, held an extensive *Curcio* hearing on June 21, 2024, where the Court thoroughly apprised the defendant of the potential and actual conflicts as to Mr. Soehnlein's continued representation. At the end of the hearing, the Court held that "Mr. Gerace has waived his right to conflict-free counsel, and that he's done so knowingly, voluntarily, and intelligently." *See* Transcript of Curcio Hearing June 21,2024, p. 87. Although the Court provided the defendant with additional time to consider this decision, the Court stated that if the defendant maintained his position at the next appearance, the Court "will then exercise [its] discretion to accept his waiver…" *Id*. Accordingly, because the defendant's only argument in support of disclosure is now moot, the Court should deny the motion for disclosure.

## **CONCLUSION**

For all the reasons stated above, the Court should deny the defendant's motion for disclosure.

DATED: Buffalo, New York, June 25, 2024

                                            TRINI E. ROSS
                                            United States Attorney

BY:   s/JOSEPH M. TRIPI
          s/NICHOLAS T. COOPER
          s/CASEY L. CHALBECK
          s/CAITLIN M. HIGGINS
          Assistant United States Attorneys
          United States Attorney's Office
          Western District of New York
          138 Delaware Avenue
          Buffalo, New York 14202