UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

Docket No.: 19-CR-227

JOSEPH BONGIOVANNI,

PETER GERACE, JR.,

Defendants.

_____

UNITED STATES OF AMERICA,

v.

PETER GERACE, JR.,                                            Docket No.: 23-CR-37

_____

**PETER GERACE, JR. 'S RESPONSE TO THE GOVERNMENT'S MOTION TO DISCLOSE, PURSUANT TO RULE 16(A)(1)(E)(II), CERTAIN SEALED FILINGS (DKT. # 1013)**

Peter Gerace, Jr, by and through counsel (Mark A Foti, Esq. and Eric M. Soehnlein, Esq.) provides the following memorandum in response to the government's motion to disclose certain sealed filings to counsel to the defendants in Western District Case No. 23-CR-99 (Dkt. # 1013). Mr. Gerace does not oppose the government's motion.

1

I. **Introduction**

The government seeks permission to provide certain sealed documents in case 19-CR-227 to counsel to defendants in case 23-CR-99.  Mr. Gerace does not object to the request.  In light of the allegations in the 23-CR-99 case and Rule 16 of the Federal Rules of Criminal Procedure, however, Mr. Gerace believes that additional documents should be unsealed and provided as discovery in the 23-CR-99 case.  Because counsel to Mr. Gerace is aware of and has access to these materials, he does not request unsealing and disclosure at this time.  Mr. Gerace has no objection to the materials identified in this submission being unsealed and provided to counsel in the 23-CR-99 case.

II. **The 23-CR-99 Case**

On January 5, 2024, a Grand Jury in the Western District of New York returned a Second Superseding Indictment charging nine defendants, including Mr. Gerace, with federal criminal charges.  In pertinent part, Count I of the January 5 indictment charges six defendants with Conspiracy to Obstruct Justice relating to a potential witness in this case. *See* 23-CR-99 at Dkt.# 24.

The government's allegations are wide ranging, and the indictment includes allegations about the 19-CR-227 case, including:

- [That defendants] caused an individual, Attorney 2, to text message Crystal Quinn, who was already represented by another attorney, to corruptly influence, obstruct, and impede, and endeavor to corruptly influence, obstruct, and impede Crystal Quinn from cooperating with

members of federal law enforcement, and to prevent Crystal Quinn from testifying against GERACE in United States District Court for the Western District of New York in Case Nos. 19-CR-227 and 23-CR-37, and from testifying before any federal grand juries investigating GERACE, including the March 2022 Federal Grand Jury in the Western District of New York; (Id. at para 5(a)(1));

- [That defendants] caused dead rats to be placed at Crystal Quinn's residence to corruptly and by threat and communication, influence, obstruct, and impede, and endeavor to corruptly influence, obstruct, and impede Crystal Quinn from cooperating with members of federal law enforcement, and to prevent Crystal Quinn from testifying against GERACE in United States District Court for the Western District of New York in Case Nos. 19-CR-227 and 23-CR-37, and from testifying before any federal grand juries investigating GERACE, including the March 2022 Federal Grand Jury in the Western District of New York (Id. at para. 5(a)(2));[1]

- [That defendants] created and advanced a false narrative that Crystal Quinn was suicidal in order to conceal her true cause and manner of death, and to prevent such information from being discovered, subpoenaed, and presented to the July 2023 Grand Jury which was investigating federal drug and firearm offenses, and the death of Crystal Quinn, a federal witness (Id. at para. 5(a)(8));

- It was part of the conspiracy that GERACE would advise others about the identity of witnesses who were cooperating and believed to be cooperating with members of federal law enforcement, and witnesses who had testified and were expected to testify before federal grand juries and at federal trials (Id. at para. 7);

- On or about May 24, 2023, defendant GERACE, through Gerace Attorney 1, moved to reopen GERACE'S detention hearing and for pre-trial release (Id. at para. 20);

---

[1] The allegations in the 23-CR-99 indictment have substantial overlap with the allegations in the 23-CR-37 indictment. The defense anticipates discovery provided in the 23-CR-99 case will include substantial materials disclosed in the 23-CR-99 case.

- On or about May 31, 2023, GERACE'S motion to reopen his detention hearing in Case Nos 19-CR-227 and 23-CR-37 was denied. Following this denial, GERACE made statements, in sum and substance, as follows: (i) Fuck the rats; (ii) All rats should die; (iii) No matter what, anybody can get touched because when all this is over, I have very serious people to tie up my loose ends (Id. at para. 21);

- On June 6, 2023, the District Judge assigned to Case Nos. 19-CR-227 and 23-CR-37 issued a written decision denying GERACE'S motion to re-open the detention hearing and denying his motion for pre-trial release (Id. at para. 23);

- On or about June 20, 2023, Gerace Attorney 1 filed and caused the filing of a trial witness list that named two relatives of the assigned District Judge as GERACE'S defense witnesses. The listing of the District Judge's relatives as GERACE trial witnesses resulted in the District Judge recusing himself pursuant to 28 U.S.C. 455(b)(5)(iv), and the trial of Case Nos. 19-CR-227 and 23-CR-37, which was then scheduled for August 14, 2023, being adjourned (Id. at para. 24);

- The trial witness list filed or caused to be filed by Gerace Attorney 1 also listed Crystal Quinn as a defense witness. The listing of Crystal Quinn as a witness for Gerace circumvented the provisions of a Protective Order which prohibited attorneys for GERACE from revealing to GERACE the government's witnesses' names and from providing GERACE with the government's witness list (Id. at para. 25);

- On August 4, 2023, Gerace Attorney 1 stated in United States District Court for the Western District of New York that Crystal Quinn had killed herself as a result of pressure placed on her by the government to testify against GERACE. This statement by Gerace Attorney 1 was intended to advance the false narrative that Crystal Quinn's death was a suicide (Id. at para. 68);

- On August 8, 2023, Gerace Attorney 1 filed a Motion, Declaration, and Memorandum of Law with exhibits in support of another motion seeking GERACE'S pretrial release (Id. at para. 74).

4

### III. Additional Documents Should be Unsealed and Disclosed to Defendants' Attorneys in the 23-CR-99 Case

The government's motion indicates it intends to provide voluntary discovery to defendants' counsel in the 23-CR-99 case pursuant to Rule 16(a)(1)(E)(ii), which provides for the disclosure of documents and other tangible evidence the government intends to use at trial. *See* Dkt. # 1013. Based on that assessment, the government moves the Court for disclosure of: Dkt. # 462 (the government's witness list); Dkt. # 493 (Gerace's motion to reopen the detention hearing); Dkt.# 529 (Gerace's witness list); Dkt.# 585 (Gerace's motion to reopen the detention hearing); and Dkt. #604 (attorney declaration and related filings in further support of Gerace's motion to reopen the detention hearing). Because of the allegations in the 23-CR-99 case, Mr. Gerace does not oppose the disclosure of the above referenced documents to defense counsel to the defendants in the 23-CR-99 case.

As the Court knows, Rule 16 also contemplates the disclosure of "items that are material to preparing the defense." *See* Fed. R. Crim. P. 16(a)(1)(E)(i). To ensure that defendants in the 23-CR-99 case are provided all relevant information and materials to prepare their defense, Mr. Gerace believes the following documents should also be unsealed and provided to defense counsel in the 23-CR-99 case: an unredacted version of Dkt.# 488 (sealed May 17, 2023 colloquy); Dkt.# 498 (the government's sealed response to Gerace's motion to reopen the detention hearing); Dkt. #502 (government's sealed supplemental submission in opposition to Gerace's motion for release); Dkt.# 523

5

(the government's amended list of potential witnesses); and Dkt. #605 (government's sealed opposition to Gerace's August 2023 motion for reconsideration of detention order). Only through the disclosure of the above documents can defense counsel in the 23-CR-99 case have a complete understanding of the issues as they relate to the 19-CR-227 case.

IV.   **Conclusion**

We thank the Court for its time and attention. We believe that, at minimum, the above referenced materials should be provided to counsel in the 23-CR-99 case.

s/ Mark A. Foti, Esq.

Mark A. Foti, Esq.
**The Foti Law Firm, P.C.**
16 W Main Street, Suite 100
Rochester, NY 14614
(585) 461-1999
(585) 491-6512

 s/ Eric M. Soehnlein, Esq.

Eric M. Soehnlein, Esq.
**Soehnlein Law, PLLC**
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
(716) 771-9092