\IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                      19-CR-227-LJV
                                                                                23-CR-37-LJV

PETER GERACE, JR.,

                Defendant.

---

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT GERACE'S MOTION TO ADJOURN

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, Casey L. Chalbeck, and Caitlin M. Higgins, Assistant United States Attorneys, hereby files this response in opposition to defendant Peter Gerace, Jr.'s motion to adjourn any further submissions on his motion to dismiss (ECF No. 1044).

### I.    FACTUAL BACKGROUND

Notwithstanding the defendant's efforts to ignore reality—the facts are undisputable. Peter Gerace learned other AUSAs filed for a crime-fraud application on March 5, 2024. *See* Reply in Support of Mot. to Disqualify, at 18 n.6, (ECF No. 798) (dated March 5, 2024). Ten days later, the Court told the parties that it "d[idn't] know why the government need[ed] a decision" regarding its crime-fraud application, stated that the application asked the Court to provide "an advisory opinion," and cautioned that it was "not so sure [it] was inclined to give an advisory opinion." Oral Arg. Tran., at 55, (dated March 15, 2024).

Over two months later, Gerace moved to dismiss and/or the imposition of other sanctions on May 22, 2024. *See* Redacted Mem. in Support of Def.'s Mot. for Dismissal and/or the Imposition of Other Sanctions, at 1, (ECF No. 996-1) (dated May 22, 2024, and docketed June 5, 2024). Nowhere in that motion did Gerace argue that disclosure of the crime-fraud application that he learned about in March and that the Court viewed as unnecessary was fundamental to the adjudication of his motion. *See generally id.*

On June 11th, only *after* the trial team AUSAs made their own crime-fraud argument as to why Attorney Soehnlein could conceivably serve as a witness against Gerace—*after* Gerace argued that any such communications between him and Attorney Soehnlein were privileged—did Gerace move for disclosure of "any and all *ex parte* applications by the government for a crime-fraud order that references Peter Gerace or Eric Soehnlein." Mot. for Disclosure at 1, (ECF No. 1002) (dated June 11, 2024). *See also* Resp. in Opp. to Govt.'s Mot. to Disqualify, at 7–10, (ECF No. 973) (dated May 22, 2024) (arguing that any communications between Gerace and Attorney Soehnlein were privileged); Redacted Govt.'s Reply in Support of Mot. to Resolve Potential & Actual Conflicts of Interest, 3–25, (ECF No. 997) (dated June 5, 2024) (arguing that certain communications between Gerace and Attorney Soehnlein were not privileged under the crime-fraud exception).

When Gerace moved to disclose "any and all" crime-fraud applications filed by the government, he stated—for the first time—that disclosure of the application first referenced on March 5th was necessary for him to "be able to properly address . . . arguments" elucidated in the government's June 5th reply brief regarding potential and actual conflicts of interest. *See* Mot. for Disclosure at 5 ¶¶ 17–18. The specific paragraphs at issue are screenshotted and highlighted below:

2

> 17. The government made the decision to file its reply replete with reference to the crime-fraud exception to attorney-client privilege. ==It is only appropriate that the defense be able to properly address these arguments.==
>
> 18. ==In order to do so,== the defense seeks disclosure of any and all crime fraud application(s), and any proceedings related thereto and the disposition of any application(s).

*See id.*

After making those representations to the Court, Gerace's story changed. Suddenly, the disclosure of the crime-fraud application was no longer necessary to respond to the government's crime-fraud arguments in the context of resolving any conflict of interest.[1] Rather, as Gerace currently tells it, disclosure is necessary because it bears some nexus to Gerace's motion to dismiss, purportedly because the government violated a disclosure order in failing to supply an application that Gerace never requested (despite learning of it several months earlier), and that the Court deemed unnecessary and did not grant. *See, e.g.*, Mot. to Adjourn at 10 ¶ 19.[2] For these reasons, the day Gerace's reply brief in support of his motion to dismiss was due, Gerace moved to adjourn the briefing schedule. *See generally id.* All the while—and notwithstanding his counsels' repeated requests for extensions and adjournments—Gerace purportedly wants a speedy trial.

---

[1] Notably, nearly one month later, Gerace has still not replied to the government's lengthy argument in support of its position that Attorney Soehnlein could serve as a witness against Gerace. *See* ECF No. 997.

[2] Implicitly, Gerace's argument suggests that this Court abdicated its own responsibility to protect Gerace's Sixth Amendment rights because the Court was aware of the crime-fraud application and never directed the government to disclose it. The government rejects that implicature.

## II.   ARGUMENT

The Court should order Gerace to file his reply brief in support of his motion to dismiss. If that reply brief is not finished, the Court could afford Gerace until July 5, 2024, or July 8, 2024, to file it.

Gerace, while purporting to seek a speedy trial, initiated baseless arguments in a retaliatory motion to dismiss. Now, because government briefings have and will continue to demonstrate the factual and legal flaws in the defendant's argument—he wants to call a timeout. The Court should reject the defendant's request. Gerace's own litigation conduct all but confirms that disclosure of the application is inapposite to *any* motion to dismiss. Indeed, despite having months to prepare his motion, Gerace never sought disclosure of the application until after being confronted with a crime-fraud argument in the conflicts-of-interest context. In sum, Gerace chose to file the motions he did and the timing; if he was not ready to litigate the motions, he should not have filed them.[3]

This Court should keep the litigation—and the Speedy trial the defendant claims he wants—on track.

## III.   CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny Gerace's motion to adjourn and order Gerace to file his reply brief by either July 5, 2024, or July 8, 2024.

---

[3] Moreover, nothing in the crime fraud application sought by other prosecutors in January 2024, has any direct bearing upon the conflicts the government identified in November 2023—and notwithstanding his liberal use of ellipses, the defendant has failed to cite a single case supporting disclosure of a crime fraud application in the context of a motion to disqualify, or to determine, whether the defendant's attorney has a waivable conflict of interest. On the other hand, disclosure of the crime fraud application will undoubtedly further expose information about witnesses in Case No. 23-CR-99, a case charging the murder of a federal witness, without impacting the conflicts issues that have been thoroughly mooted by the Court's acceptance of a *Curcio* waiver.

4

DATED: Buffalo, New York, July 2, 2024.

                TRINI E. ROSS
                United States Attorney

BY:    s/JOSEPH M. TRIPI
        s/ NICHOLAS T. COOPER
        s/CASEY L. CHALBECK
        s/CAITLIN M. HIGGINS
        Assistant United States Attorney
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716-843-5839
        Joseph.Tripi@usdoj.gov