

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*     *716/843-5700*
*138 Delaware Avenue*     *fax 716/551-3052*
*Buffalo, New York   14202*     *Writer's Telephone:  716/843-5881*
    *Writer's fax:    716/551-3052*
    *Casey.Chalbeck@usdoj.gov*

July 9, 2024

**VIA PACER**
Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re: *United States of America v. Peter Gerace, Jr.*,
Case Numbers: 19-CR-227-LJV; 23-CR-99-LJV

Dear Judge Vilardo:

As discussed on the record in Court earlier today, the government submits this letter to advise the Court of Second Circuit precedent applicable to defendant Peter Gerace, Jr.'s motion to unseal the May 17, 2023, status conference transcript (ECF No. 488). *See* Not. of Mot., at 1, (ECF No. 1002) (filed June 11, 2024).

Due to the presumption of public access that attaches to judicial records, courts must conduct a "particularized review" of "judicial records and documents" prior to sealing them. *See Brown v. Maxwell*, 929 F.3d 41, 49, 51 (2d Cir. 2019). In determining whether material qualifies as a judicial record, the Second Circuit assesses the record's function in the judicial process, as opposed to its formal designation. That is, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). Rather, to qualify as a judicial record or document, the material must "be relevant to the performance of the judicial function and useful in the judicial process." *Id.*

"A document is . . . 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the *exercise of its supervisory powers*." *Brown*, 929 F.3d at 49 (quoting *Amodeo I*, 44 F.3d at 146) (second emphasis added). If, after conducting this particularized review of the material's nature, a court deems the material irrelevant to the judicial function, "no presumption of public access attaches." *Id.*

If, however, material "is deemed relevant to the exercise of judicial power, 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1049 (2d Cir. 1995)). To illustrate the fact-intensive, particularized assessment courts must perform at this step, the *Brown* Court contrasted "evidence introduced at trial or *in connection with summary judgment*"—which "enjoys a strong presumption of public access"—with that material playing "only a negligible role in the performance of Article III duties"—which is "accorded only a low presumption" of public access. *Id.* at 49–50 (emphasis added and internal quotations omitted).[1]

But regardless of what kind of judicial material a court is evaluating, it "must . . . articulate specific and substantial reasons for sealing such material," though "the reasons usually need not be as compelling as those required to seal," for example, "summary judgment filings." *Id.* at 50.

Though *Brown*, a precedential case, articulates the protocol the Court must follow when evaluating claims to seal—or, here, to unseal—the government notes that a panel of the Second Circuit's decision in *Gannett Media Corp. v. United States*, No. 22-2160, 2022 WL 17818626 (2d Cir. Dec. 20, 2022) might inform the Court's assessment of whether, and to what extent, the May 17, 2023, transcript should be unsealed. In that case, which concerned the *Morgan* litigation, intervenor Gannett Media Corp. moved the court to unseal certain court filings by the government related to allegations of prosecutorial misconduct. 2022 WL 17818626, at *1. Chief Judge Wolford denied the motion in part, concluding that a certain amount of sealing was necessary to protect the Department of Justice's internal functioning and privacy concerns. *Id.* at *3. Gannett Media appealed, arguing that the Court failed "to make specific factual findings required by the First Amendment" and "improperly balancing the presumption of public access under the common law with countervailing interests." *Id.* at *1. A panel of the Second Circuit agreed. It concluded that the district court "failed to make the requisite specific findings that would support the redactions of the Sealed Submissions under either presumption." *Id.* at *3. Specifically, the panel found that the district court's rationales for sealing—protecting the Department of Justice's internal functioning and privacy concerns—were too general (and thus insufficient) "to justify the redactions" in the sealed submissions at issue in that case, especially considering that the "allegations of prosecutorial misconduct" directly implicated the "public['s] interest in the manner in which criminal cases are conducted." *Id.*

Finally, the Second Circuit advises that sealing may be appropriate "to preserve higher values" so long as it "is narrowly tailored to serve that interest." *United States v. Sealed Def. One*, 49 F.4th 690, 694 n.2 (2d Cir. 2022).

---

[1] The Court might find the Second Circuit's invocation of summary judgment particularly relevant given that Mr. Gerace repeatedly referenced the May 17, 2023, status conference as evidence in support of his motion to dismiss. *See* Mot. to Dismiss, at 33, 38, 42, 43, 73, 78, (ECF No. 998) (dated May 22, 2024).

In sum, the Second Circuit embraces a functionalist approach to determining whether material generated by the judicial process amounts to a judicial record or document. Once an item is deemed relevant to the exercise of judicial power, the strength of the public's presumptive right of access to the record is determined by (i) the material's significance vis-à-vis the exercise of the judicial power and (ii) the information's public value. And to the extent a court seals information, it must articulate specific and substantial reasons in support of sealing, and the sealing must be narrowly tailored to serve a higher interest.

We hope the above-referenced authority is helpful to the Court in determining whether and to what extent redactions should remain in the public filing of the sealed May 17, 2023, transcript.

Very truly yours,

TRINI E. ROSS
United States Attorney

/s/ Casey L. Chalbeck

BY: CASEY L. CHALBECK
Assistant United States Attorney

CC: Mark Foti, Esq.
Eric Soehnlein, Esq.
Joseph M. Tripi, Esq.
Nicholas T. Cooper, Esq.
Caitlin M. Higgins, Esq.