UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

            Plaintiff,                              **FILED UNDER SEAL**

    v.                                      Case No. 19-CR-227-1-JLS

JOSEPH BONGIOVANNI,

            Defendant.

---

## NOTICE OF MOTION

| | |
|---|---|
| **Moving Party**: | Defendant Joseph Bongiovanni |
| **Date and Time**: | TBD |
| **Place**: | Hon. Lawrence J. Vilardo<br>U.S. Courthouse<br>2 Niagara Square<br>Buffalo, New York 14202 |
| **Supporting Papers**: | Declaration of Robert C. Singer, Esq., executed November 14, 2024; Declaration of Parker R. MacKay, Esq., executed November 13, 2024. |
| **Answering Papers**: | Due upon order of the court. |
| **Relief Requested**: | An Order granting defendant's Motion to Withdraw and Strike ECF 1249 and ECF 1249-1 from the docket. |

Dated:  November 18, 2024
         Williamsville, New York

                               **SINGER LEGAL PLLC**
                               *Attorneys for Defendant Joseph Bongiovanni*

                               By:     /s/ Robert C. Singer, Esq.
                                   Robert C. Singer, Esq.
                                 80 East Spring Street
                                 Williamsville, New York 14221
                                 (716) 222-3288
                                 rob@singerlegalpllc.com

**TO:**     **United States Attorney's Office**
            **for the Western District of New York**
            *Counsel for Plaintiff United States of America*
            Joseph Tripi, Esq.
            Nicholas Cooper, Esq.
            Casey Chalbeck, Esq.
            138 Delaware Avenue
            Buffalo, New York  14202
            (716) 843-5700

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                 Plaintiff,

    v.

JOSEPH BONGIOVANNI,

                 Defendant.

**FILED UNDER SEAL**

Case No. 19-CR-227-1-JLS

---

## ATTORNEY DECLARATION

        I, ROBERT C. SINGER, ESQ., make this Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

        1.     I am an attorney at law duly licensed to practice in the State of New York and this Court and I am Owner of Singer Legal PLLC.  Together with Parker Mackay, Esq., we act as attorneys for defendant Joseph Bongiovanni.

        2.     I have worked on this matter extensively; therefore, I am fully familiar with the facts set forth herein.  I submit this declaration in support of the defendant's Motion to Withdraw and Strike ECF 1249 and ECF 1249-1 from the docket.  Because ECF 1249 is not publicly accessible on PACER at this time, I have filed the instant motion under seal.

        3.     On October 1, 2024, our associate, John Gilsenan, Esq., filed a Motion for Disclosure.  *See* ECF 1249.  The Motion for Disclosure was filed under my name per my direction. The motion contained a supporting declaration signed by Mr. Gilsenan.  *See* ECF 1249-1.  The motion requested disclosure of information favorable to the defense regarding former DEA GS John Flickinger.  We filed the motion following Mr. Flickinger's trial testimony during the defense

case-in-chief.  During Mr. Flickinger's trial testimony, it became known to the defense for the first time that Mr. Flickinger may have communicated favorable information to a government agent in March 2024 that was not previously disclosed to the defense.  Following Mr. Flickinger's testimony, Mr. Gilsenan interviewed Mr. Flickinger at my direction.  The contents of the interview were set forth in a motion for relief and a declaration filed by Mr. Gilsenan on October 1, 2024.  *See* ECF 1249 and 1249-1.

4.      Part of the motion and declaration filed by Mr. Gilsenan alleged that during the interview 1) Mr. Flickinger discussed the ethical/unethical conduct and reputation of AUSA Tripi and Mr. Bongiovanni with Mr. Gilsenan and 2) Mr. Flickinger told Mr. Gilsenan that he feared "retaliation" if he shared his opinion with the prosecution team about the weakness/accuracy of the government's database "trip wire theory."  *See* ECF 1249 at 2-3; ECF 1249-1 at ¶¶4-6.  On October 1, 2024, oral argument was held on the motion and the Court denied the requested relief.  *See* ECF 1253.

5.      The evening of October 1, 2024, I was contacted by counsel for Mr. Flickinger, Rodney Personius, Esq.  Mr. Personius indicated to me that he had reviewed ECF 1249 and 1249-1 and had concerns about the filing.  Mr. Personius indicated to me that Mr. Flickinger specifically denied stating anything to Mr. Gilsenan about AUSA Tripi's or Mr. Bongiovanni's ethics or reputation for ethical/unethical conduct.  In short, Mr. Personius advised me that the "ethical" practices, conduct, and reputation of AUSA Tripi and Mr. Bongiovanni were not discussed at all during the interview.  Mr. Personius also advised me that Mr. Flickinger denied stating to Mr. Gilsenan that Mr. Flickinger feared "retaliation" if he shared his

reservations regarding the government's database "trip wire theory" with the prosecution team.  I

promptly advised Mr. MacKay about Mr. Personius' concerns

      6.      On October 2, 2024, Mr. MacKay and I mulled over what to do.  Occupied

by more pressing responsibilities (i.e., the conclusion of the defense case-in-chief and summations),

we chose to make an oral motion that the filing be sealed because 1) the motion was denied, 2) we

needed more time to decide how to address Mr. Flickinger's adamant denials of the statements

referenced above attributed to him by Mr. Gilsenan, and 3) the motion spoke disparagingly of

AUSA Tripi.  The government opposed the oral motion and the Court denied the defense request,

*see* ECF 1259, however the filing has remained inaccessible to the public following the defense

request to seal the filing on October 2, 2024.

      7.



      8.      Neither Mr. MacKay nor I were present for Mr. Gilsenan's interview of

Mr. Flickinger – both of us were in the courtroom litigating the case when the interview occurred.

As a result, neither of us can independently state whether Mr. Gilsenan's account of the interview is

correct or Mr. Flickinger's account of the interview is correct.  But in light of Mr. Flickinger's

immediate, categorical objection to the accuracy of the Gilsenan Declaration upon reviewing it ██

█████████████████████████████████████████, Mr. MacKay and I no longer have 100%

confidence in the accuracy of the allegations raised in our motion that concern the "ethical"

practices of AUSA Tripi and Mr. Bongiovanni or that Mr. Flickinger was fearful of "retaliation" if

he disclosed his misgivings about the database "trip wire theory" to the prosecution team.  *See* ECF

1249 at 2-3; ECF 1249-1 at ¶¶4-6.  Consequently, Mr. MacKay and I hereby move to withdraw the

motion and strike the written filing from the docket because 1) the written motion contains

allegations that are derogatory of another attorney, 2) we cannot adopt the allegations as our own

because neither Mr. MacKay nor I were present for the interview of Mr. Flickinger conducted by

Mr. Gilsenan, and 3) upon further reflection, we no longer have 100% confidence in the allegations

contained in ECF 1249-1 at ¶¶4-6 or those portions of the motion filed under our names. ██

████████████████████████████████████████

Dated:  November 14, 2024
        Williamsville, New York

**SINGER LEGAL PLLC**
*Attorneys for Defendant Joseph Bongiovanni*

By:       s/ Robert C. Singer, Esq.
          Robert C. Singer, Esq.
80 E Spring Street
Williamsville, New York 14221
(716) 222-3288
rob@singerlegalpllc.com

---

[1] ████████████████████████████████████ When the content of the interview was first briefed to us on September 30, 2024, Mr. Gilsenan told us that Mr. Flickinger had expressed his reservations about the government's database "trip wire theory" directly to FBI SA Lyeson Daniel while waiting to testify at Trial #1.  This prompted us to direct Mr. Gilsenan to draft the motion for disclosure.  Overnight, this allegation was amended by Mr. Gilsenan to reflect that Mr. Flickinger had *not* expressed his reservations directly to SA Daniel while waiting to testify, but, instead, Mr. Flickinger did not share this concern with SA Daniel or the prosecution team because of his fear of retaliation.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                    **FILED UNDER SEAL**

    - vs. -                                            Case No. 19-CR-227-LJV

JOSEPH BONGIOVANNI,

        *Defendant*.

## DECLARATION

**PARKER R. MacKAY, ESQ.**, under penalty of perjury and in accordance with 28

U.S.C. § 1746, states and declares that the following is true and correct:

1.      Robert Singer, Esq. and I are assigned from the Criminal Justice Act panel to

represent Defendant JOSEPH BONGIOVANNI in the above-captioned matter.  As counsel in

this matter, I am fully familiar with the facts set forth herein.

2.      I make this declaration in support of a motion to withdraw and strike ECF Nos.

1249 and 1249-1 from the docket.  Mr. Singer has filed an accompanying declaration that more

fully sets forth the facts and circumstances giving rise to the request.  The purpose of this

declaration is to complete the narrative from my own perspective and assure the Court that I

jointly stand behind the requested relief.

3.      On October 1, 2024, our former associate John Gilsenan filed a Motion for

Disclosure.  ECF No. 1249.  That motion came after the previous day's testimony of defense

witness John Flickinger.

4.      By way of background, John Flickinger (who was Mr. Bongiovanni's DEA group

supervisor during one particularly relevant period of time) was included on the government's

witness lists prior to the first trial.  However, Mr. Flickinger was not called in the government's

case-in-chief in the first trial, and the defense was not provided with any disclosure or reason at the time why he was not called.

5.     During the retrial, the defense made an affirmative decision to call Mr. Flickinger in its case-in-chief when he was again not called in the government's case-in-chief.  In preparation for that testimony, while there was some intermediary communication for purposes of obtaining Mr. Flickinger's presence in Buffalo, Mr. Singer and I neither met nor communicated with Mr. Flickinger to rehearse testimony or proposed questions.  In that sense, I conducted the direct examination of Mr. Flickinger at the retrial "blind," not knowing what his answers to my questions would be.

6.     During the direct examination, I began to form an understanding that Mr. Flickinger might have possessed certain information favorable to Mr. Bongiovanni and attempted to communicate that to the government during the first trial—which could have provided a possible reason why he was not called by the government.  Of course, had Mr. Flickinger in fact communicated favorable information to the government, certain *Brady* duties would have arisen on the government's part—and certain remedies might be appropriate where such information was not disclosed.  I therefore attempted to elicit Mr. Flickinger's understanding of what he knew and what he communicated to the government to develop a record for possible motion practice.  In response to these questions, certain objections by the government were sustained, and I was only able to pursue this line of questioning so far.

7.     I understand that after Mr. Flickinger's testimony, Mr. Gilsenan interviewed Mr. Flickinger to pursue the issue further.  I was not present for this interview, but I understand it may have occurred in one of the attorney conference rooms outside the courtroom.  Following the interview, I recall that Mr. Gilsenan attempted to brief Mr. Singer and I on what he had

purportedly learned. However, in the moment, I was still at the courtroom podium and distracted by other concerns, including trying to assess how Mr. Flickinger's testimony had impacted the defense case-in-chief. I recall Mr. Gilsenan was directed by Mr. Singer to prepare a motion based on what he disclosed, as he would be the affiant with personal knowledge.

8.      After Mr. Gilsenan filed the motion the next day, Mr. Singer brought to my attention that he was contacted that evening by Mr. Flickinger's attorney, Rodney Personius, who, as I understand it, advised that certain portions of Mr. Gilsenan's motion declaration did not accurately reflect the conversation between Gilsenan and Flickinger. As I further understand it, Mr. Flickinger took exception to certain statements attributed to him, namely, that he had made comments about "ethical" conduct of AUSA Joseph Tripi and feared "retaliation" if he shared certain assessments about the government's theory. I was not part of this conversation with Mr. Personius, and, in fact, I have not had any interaction with Mr. Flickinger since he was excused from the witness stand.

9.      The next day, October 2, 2024, Mr. Singer and I questioned what to do about this because we were faced with three lawyers purporting to represent different sides of a conversation: Mr. Gilsenan (as our associate at the time), Mr. Flickinger (who, himself, is a lawyer by training), and Mr. Personius (as Mr. Flickinger's lawyer, who was not present for the conversation). Our immediate response was to orally move to seal the motion documents because (1) we had questions about their veracity, (2) they made certain comments about an AUSA, and (3) we had more immediate matters to attend to as the retrial wrapped up. That oral motion was opposed by the government and ultimately denied by the Court.

10.      ████████████████████████████████████████████████████
████████████████████████████Mr. Personius has continued to press his position that

Mr. Flickinger never communicated certain material things to Mr. Gilsenan that were
nevertheless included in the motion declaration. ███████████████████████████
███████████████████████ ██████ a further analysis and discussion of the motion
papers caused us to note the discrepancy between what we were first presented orally (that
Mr. Flickinger <u>had</u> communicated certain things to the government) versus what was in the
motion papers (that Mr. Flickinger had <u>not</u> communicated certain things to the government).

      11.    With the benefit of hindsight and reflection on the points noted above, I have
concluded that I do not have 100% confidence in all of the allegations in ECF Nos. 1249 and
1249-1 so as to stand behind them or any portions of the motion that were filed under my name.

███████████████████████████████████████████████████████

████████████████

      **WHEREFORE**, I request ECF Nos. 1249 and 1249-1 be withdrawn and stricken from
the docket, along with such other and further relief as the Court deems just and proper.


Executed on November 13, 2024

                                        __s/Parker R. MacKay_____
                                        PARKER R. MacKAY