

U.S. Department of Justice

United States Attorney
Western District of New York

*Federal Center*                         *716/843-5700*
*138 Delaware Avenue*             *fax 716/551-3052*
*Buffalo, New York 14202*    *Writer's Telephone: 716/843-5839*
                                              *Writer's fax: 716/551-3196*
                                                   *Joseph.Tripi@usdoj.gov*

July 14, 2025

**VIA PACER**
Honorable Lawrence J. Vilardo
United States District Judge
2 Niagara Square
Buffalo, NY 14202

       RE:     **United States v. Joseph Bongiovanni**
                    **19-CR-227- Sur-Reply to ECF No. 1581**

Dear Judge Vilardo:

      The defendant's reply, *see* ECF No. 1581, to the government's response urges an unprecedented and overbroad view of what constitutes an acquittal. In doing so, the defendant fails to appreciate the distinction between elements and facts and urges this Court to adopt the defendant's erroneous characterization of the jury's verdict, to recast large swaths of facts as "acquitted conduct," and to ignore real-world facts.

      The Supreme Court has held that an acquittal is "a resolution, correct or not, of some or all of the factual elements of the offense charged," *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977), and has further "defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *McElrath v. Georgia*, 601 U.S. 87, 94 (2024). An acquittal includes "a ruling by the court that the evidence is insufficient to convict," a "*factual finding [that] necessarily establish[es] the criminal defendant's lack of criminal culpability*," and any other "*rulin[g] which relate[s] to the ultimate question of guilt or innocence*." *Evans v. Michigan*, 568 U.S. 313, 319 (2013) (quoting *United States v. Scott*, 437 U.S. 82, 98, n. 11 (1978)) (emphases added). In addition, Black's Law dictionary defines an acquittal as "[t]he legal certification, usu. by jury verdict, that an accused person is not guilty *of the charged offense*." Black's Law Dictionary (12th ed. 2024) (emphasis added). Elements, on the other hand, are the "constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis, v. United States*, 579 U.S. 500, 504 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014) (Kagan, J.). "At a trial, [elements] are what the jury must find beyond a reasonable doubt to convict the defendant." *Id.* (quoting *Richardson v. United States,* 526 U.S. 813, 817 (1999). Facts "by contrast, are mere real-world things—extraneous to the crime's legal requirements." *Id.* (citing

*Richardson,* 526 U.S., at 817). "They are 'circumstance[s]' or 'event[s]' having no 'legal effect [or] consequence': In particular, they need neither be found by a jury nor admitted by a defendant." *Id.* at 504.

Here, the defendant was convicted of Counts 1,3, 6, 7, 8, 10, 11, 13, and 15, *see* ECF Nos. 880, 1285, 1503 at 3-4. Contrary to the defendant's claims, in rendering these guilty verdicts the jury was not required to issue "a resolution, correct or not, of some or all of the factual elements of the offense charged," *see Martin Linen Supply Co.,* at 430 U.S. at 571, or to make a "factual finding [that] necessarily establish[es] the criminal defendant's lack of criminal culpability," or any other "rulin[g] which relate[s] to the ultimate question of guilt or innocence, *see Evans*, 568 U.S., at 319, regarding many of the things the defendant claims constituted an acquittal. For example:

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the conspiracy to commit bribery and to defraud the United States as charged in Count 1 encompassed $250,000.

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the narcotics conspiracy charged in Count 3 involved 5 kilograms or more of cocaine.

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the narcotics conspiracy charged in Count 3 involved 16,000 fentanyl pills.

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the defendant exposed the identities of confidential sources to members of a drug organization.

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the defendant exposed investigation into Mario Vacanti to members of a drug trafficking organization.

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the defendant used cocaine as a DEA agent.

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether a dancer overdosed in Pharaohs and whether the defendant gave Peter Gerace advice about the overdosing dancer.

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the defendant told a fellow DEA agent, "We should be investigating N****** and S****."

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the defendant, as a DEA agent, observed and permitted an individual he grew up to sell cocaine over the bar in the defendant's presence.

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the defendant did cocaine with others in Cabo, San Lucas.

- The jury was not required to determine, as a factual element of any offense charged, or to issue a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, or to issue a ruling on the ultimate question of guilt or innocence regarding whether the defendant lied or made false representations about more than one thing when he made statements to law enforcement on multiple occasions.  In fact, the Court specifically instructed that only one false statement or representation was required, if the jury was unanimous, to find the defendant guilty.  Indeed, the jury might have stopped or never considered other false statements and representations after finding the defendant guilty of just one because a single false statement, such as the false statement pertaining to keeping the "file regarding DEA case Number C2-13-0026 in his house because it was an old case and he thought it would come up again and the defendant wanted to verify everything was on the up and up," *see* Verdict, Count 15, Question 1, ECF No. 880, or the

>false statement that he denied ever initiating contact with Peter Gerace Jr., *id.* at Count 11. The jury was not required to go through and make findings as to each false statement.

The foregoing is a non-exhaustive list of facts, *see Mathis*, *supra*, that the defendant would have the Court ignore based upon his overbroad unprecedented view of what constitutes an acquittal or acquitted conduct. However, these and others are precisely the type of facts (*i.e.,* "real-world things") that the Court must consider under the Sentencing Guidelines, Title 18, United States Code, Section 3661, and Title 18, United States Code, Section 3553(a) to determine an appropriate sentence. *See also United States v. Martinez,* 110 F.4th 160, 174 (2d Cir. 2024) ("[I]t is well settled," however, "that 'a guilty verdict, not set aside, binds the sentencing court to accept the facts necessarily implicit in the verdict.'")

In conjunction of his overbroad and unsupported definition of what constitutes an acquittal, the defendant attempts to seize upon his erroneous definition to urge to this Court to cabin as many of the facts as possible under the newly promulgated acquitted conduct guideline, *see* Guideline § 1B1.3(c), and to artificially lower the defendant's advisory guideline range. The defendant's arguments should be rejected.

1. **Drug Amounts**

First, without any direct or binding authority, the defendant claims that the Second Circuit's decision in *United States v. Norris,* 281 F.3d 357, 360-61 (2d Cir. 2002), which held that *Apprendi* does not apply to the Court's determination of whether relevant conduct has been proven by a preponderance of the evidence, has been abrogated. However, the cases cited by the defendant, namely the Supreme Court's decisions in *Blakely v. Washington,* 542 U.S. 296 (2004) and *United States v. Booker,* 543 U.S. 220, 239 (2005), are inapposite as to this Court's consideration of relevant conduct under the Guidelines. Indeed, long after *Blakely* and *Booker* were decided, *Norris* remained authoritative. *United States v. Lobacz*, 603 F. App'x 48, 51 (2d Cir. 2015) ("The evidence adduced at trial proved to a preponderance that Lobacz, at the very least, unlawfully and willfully converted to his own use the moneys of an employee pension plan. *See United States v. Norris,* 281 F.3d 357, 359 (2d Cir.2002) ("[T]he applicable standard of proof for enhancements is preponderance of the evidence.")." In certain circumstances, a sentencing court may find that conduct involved a greater quantity of drugs than the amount that formed the basis for the jury's conviction. *United States v. Tang Yuk*, 885 F.3d 57, 76 (2d Cir. 2018); *United States v. Delva,* 858 F.3d 135, 160 (2d Cir. 2017) (recognizing that "the quantum of proof required for a verdict of guilt is higher than the quantum required for sentencing").

Second, even if the Court were inclined to construe the higher marijuana amounts that the jury did not find as acquitted conduct, Guidelines § 1B1.3(c) is clear that "[t]here may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct." *See* Guidelines § 1B1.3(c), n. 10.

4

Third, the defendant's reply fails wholly fails to address the defendant's relevant conduct as it relates to cocaine and fentanyl. The jury was not required to make any determinations whatsoever about the amounts of cocaine or fentanyl in this case and, as a result, there is no basis to characterize such as an acquittal or acquitted conduct. *See Martin Linen Supply Co.,* 430 U.S. at 571; *see also Evans,* 568 U.S. at 313; *Mathis,* 579 U.S. at 504. On this point, Guideline § 1B1.3(c), specifically instructs, "**Similarly, in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction**." *See* Guidelines § 1B1.3(c), n. 10 (emphasis added).

2. **Conspiracy to Defraud the United States and Receive Bribes**

The government has previously explained that bribery conspiracy and substantive bribery are distinct offenses, *see* ECF Nos. 1487 and 1578. In that vein, to find the defendant guilty of Count 1, the jury was not required to find any dollar amount, and the defendant's attempt to somehow characterize the jury's guilty verdict on Count 1 as an acquittal of the underlying facts runs afoul of the Supreme Court precedent set forth above. Simply, as set forth above, the $250,000 in bribes encompassed in the conspiracy charged in Count 1 was not an acquittal, *see Evans, supra*, and is among the "mere real-world things—extraneous to the crime's legal requirements," *see Mathis,* 579 U.S. at 504, that the Court must consider at sentencing, *see* Guidelines § 1B1.3.[1]

3. **18 U.S.C. § 3661**

Guidelines § 1B1.4 provides: "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. *See* 18 U.S.C. § 3661." This remains unchanged by Guidelines § 1B1.3(c). Simply put, "[a] court is not precluded from

---

[1] The Sentencing Guideline for receiving a bribe and conspiracy to defraud the government is the same as the completed offense. *See generally,* Guideline § 2C1.1; *see also United States v. Durrett*, 524 F. App'x 492, 497 (11th Cir. 2013)( convictions and sentences for bribery and conspiracy to commit bribery were determined by "Section 2C1.1(b)(2) of the Sentencing Guidelines which applies an enhancement for the greater of 'the value of the payment' or 'the benefit received or to be received in return for the payment' in connection with the bribe of a public official," and "[f]or purposes of section 2C1.1(b)(2), these amounts are determined in accordance with application note three to the commentary for section 2B1.1, which provides that a defendant is responsible for loss that he reasonably should have known was a potential result of the offense.") (citing U.S.S.G. §§ 2C1.1 cmt. n. 3; 2B1.1 cmt. n. 3(A)(iv).

considering information that the guidelines do not take into account in determining a sentence within the guideline range or from considering that information in determining whether and to what extent to depart from the guidelines." §1B1.4. (background).   Here, for example, as will later be argued later at sentencing, the government submits that guidelines do not account for the fact that the defendant exposed identities of three DEA confidential sources, or the fact that that the defendant serving as a reference on a job application helped sow the seeds of corruption deeper by helping to enable a drug trafficker to get a job at the Erie County Sheriff's Office.   Contrary to the defendant's suggestion, nothing in Guidelines § 1B1.3(c) constrains the Court's authority to consider information under Guidelines § 1B1.4, 18 U.S.C. § 3661, or 18 U.S.C. 3553(a) to arrive at an appropriate sentence.[2]

Based upon the government's prior arguments, and as set forth above, the defendant's objections to the PSR lack merit and should be denied.

                                              Very truly yours,

                                              MICHAEL DIGIACOMO
                                              United States Attorney


                                     BY:    s/JOSEPH M. TRIPI
                                              Assistant United States Attorney

JMT/lh

---

[2] The government opposes the facts and legal conclusions proffered in support of all the defendant's remaining arguments, which have been previously addressed, see ECF No. 1578, and will not be repeated here.