UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                          19-CR-227 (JLS)

MICHAEL MASECCHIA,

                Defendant.
_____

### DECISION AND ORDER

      The Government has moved for reconsideration of this Court's May 30, 2025 decision (Dkts. 1555, 1556) granting Defendant Michael Masecchia's motion for compassionate release (Dkts. 1537, 1545). *See* Dkts. 1560, 1561. The Government argues that the Court erred (1) in determining that Masecchia satisfied the exhaustion requirement; (2) in holding that Masecchia's medical conditions qualified as extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(1)(C); and (3) in its consideration and weighing of the 18 U.S.C. § 3553(a) factors. Dkt. 1561 at 8–9. Masecchia filed a response in opposition, Dkts. 1587, 1591, 1592.

      For the reasons below, the Government's motion is denied.

      The Federal Rules of Criminal Procedure do not recognize a motion for reconsideration; traditionally, though, courts within the Second Circuit have entertained such motions and analyzed them under the standard for reconsideration in civil cases. *See United States v. Stacharczyk*, 511 F. Supp. 3d

438, 439–40 (W.D.N.Y. 2021) (citations omitted).

The standard for granting a motion for reconsideration is "strict," and courts generally will deny a motion for reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The "major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The "decision to grant or deny a motion for reconsideration is within 'the sound discretion of the district court.'" *Stacharczyk*, 511 F. Supp. 3d at 440 (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

The Government has not identified any intervening change in controlling law or any matter that the Court overlooked. Instead, the Government's motion rests on the third ground, namely, the need to correct a clear error of law or fact or prevent manifest injustice. Dkt. 1561 at 8.

As to the Government's first argument regarding exhaustion, the Government subsequently filed a letter confirming that it verified with the Bureau of Prisons that the Warden's denial letter that Masecchia provided was authentic. Dkt. 1593. Accordingly, the Government withdrew that portion of its reconsideration motion, which argued that Masecchia had not demonstrated

exhaustion. *Id.* The Court, therefore, need not address the exhaustion argument.

With respect to the Government's second argument, the Government's core arguments on reconsideration—that is, that Masecchia's cancers were "low risk" and "in remission," and thus did not satisfy § 1B1.13(b)(1)(C)—are the same arguments the Government presented in opposition to the original compassionate release motion. *See Stacharczyk*, 511 F. Supp. 3d at 44 ("Defendant's argument about extraordinary and compelling reasons amounts to nothing more than Defendant quarreling with the Court's conclusion on this issue, which is not a basis for reconsideration."). After carefully considering those arguments, the Court determined that extraordinary and compelling reasons exist for a reduction in Masecchia's sentence due to the "discrete confluence of medical circumstances" and "unique facts"—his two cancers, prior radiation treatment, potential treatment limitations, and medical care not being provided by BOP. Dkt. 1557 at 46. That determination was well within the Court's discretion. *See United States v. Parrilla*, No. 23-7117-CR, 2024 WL 4763940, at *3 (2d Cir. Nov. 13, 2024) ("[D]istrict courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release.") (citation omitted).

As for the weighing of the Section 3553 factors, the Court finds no basis for reconsideration. The Court balanced the nature and circumstances of the offense with Masecchia's personal history and characteristics, his age, his extensive family and community support, and his rehabilitative efforts. The Court, in its oral decision, also examined how each factor applied in this case. The Government has

3

failed to show why the Court's analysis and weighing of these factors resulted in a clear error or manifest injustice.

The Government's motion for reconsideration is DENIED.

SO ORDERED.

Dated:   July 29, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE