UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,
Defendants.

Case No.: 19-CR-227

_____

UNITED STATES OF AMERICA,

v.

PETER GERACE, JR.,

Case No.: 23-CR-37

_____

### MR. GERACE'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR FORFEITURE OF PROPERTY

Peter Gerace, Jr., by and through counsel (Mark A. Foti, Esq. and Eric M. Soehnlein, Esq.), respectfully submits the following memorandum in opposition to the government's Motion for Forfeiture of Property (Docket Item 1552).  For the reasons set forth below, the government's motion should be denied.

### I.      Introduction

The government seeks a preliminary order of forfeiture for real property located at 999 Aero Drive, the real property that is the location of PGC.   The government relies on statutes that permit forfeiture of property interests of the defendant.  At no point has 999 Aero Drive been owned by Mr. Gerace, however.  The PSR, property records, and

1

trial testimony confirm that, while Mr. Gerace at one time owned and operated PGC at the 999 Aero Drive address, he never owned or had any interest in the real property.

Anticipating this argument, the government urges the Court to ignore the true ownership of the property for the purposes of entering a preliminary order of forfeiture. That argument asks the Court to disregard the plain language of the statutes at issue and to embrace language from two district court decisions that have no relation to the issues at hand.

The government's argument is at odds with the facts of this case and the clear language of the law it relies upon.  It should be denied.

## II.    Relevant Law

For a criminal forfeiture order to succeed, the government must establish, by a preponderance of the evidence, the "requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A); *see United States v. Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999).  The requisite nexus is established by looking to the forfeiture standard set forth in the relevant statutes.  *United States v. Capoccia*, 503 F.3d 103, 116 (2d Cir. 2007).

The government seeks forfeiture of 999 Aero Drive under a drug trafficking theory based on 21 U.S.C. 853(a)(2), which provides, in relevant part:

(a) Property subject to criminal forfeiture. Any person convicted of a violation of this title or title III punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

2

(2) *any of the person's property* used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

21 U.S.C.S. § 853 (italics for emphasis)

21 U.S.C. § 853 does not simply require the Court to adjudicate status of property interests in abstract; rather, it specifies that the Court must determine the status of the asserted property interests as those interests existed at time of the commission of acts which gave rise to forfeiture of property. *United States v. Carmichael*, 419 F. Supp. 2d 1376, 2006 U.S. Dist. LEXIS 10016 (M.D. Ala. 2006).

The government also seeks forfeiture of 999 Aero Drive under a sex trafficking theory based on 18 U.S.C. 1594(d)(1), which provides:

**(d)**The court, in imposing sentence on any person convicted of a violation of this chapter, shall order, in addition to any other sentence imposed and irrespective of any provision of State law, that such person shall forfeit to the United States—

**(1)** *such person's interest in any property*, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property;

(italics for emphasis)

Both statutes mandate forfeiture of the defendant's interests in the personal property.  They do not permit forfeiture of real property in disregard of the defendant's property interests.

3

999 Aero Drive is not, and never has been, owned by Peter Gerace, Jr., however, and Mr. Gerace has no interest in the personal property.   The property was purchased by 999 Aero Drive, Inc. in 2005.  **Exhibit 1**.  At that time, the 999 Aero Drive corporation was owned by the Gerace family (Mr. Gerace's parents) and the Parrino family.  After a dispute about ownership and control between the families, Linda Gerace became the sole owner of the corporation, and she remains the sole owner today.  **Exhibit 2**.

Beyond materials that are publicly available on this point, the fact is confirmed by the PSR, prepared by Probation and verified by his mother, Linda Gerace.  *See* PSR at para 177.   In confirming the PSR, Ms. Gerace confirmed she owns the interests in the real property at 999 Aero Drive.  The fact is also confirmed by the records search conducted by Probation for the PSR, which lists all real property and financial obligations related to Mr. Gerace, but does not list 999 Aero Drive as a property owned by the defendant.  Id. at para 183-189.

Beyond the PSR and publicly available records, the fact that Mr. Gerace did not own the property was also confirmed by trial testimony.  Witnesses AP and KN testified about the Gerace family being barred from PGC due to an ownership dispute with the Parrino family from 2012-2014 and a grand opening party where Mr. Gerace's parents celebrated re-opening PGC in April, 2014.

4

### III.    The Court Should not Disregard True Ownership of the Property in Entering the Order of Forfeiture

The government urges the Court to disregard true ownership of the property. ("a defendant cannot object to a preliminary order of forfeiture by claiming that the property belongs to someone other than the defendant.") Docket Item 1552-1 at p. 20. The government's argument is at odds with the clear language of the statutes it relies upon, both of which limit the government's reach to the property ownership and rights of the defendant.

In support of its position, the government misstates the holding of two cases: *United States v. Schlesinger*, 396 F.Supp. 2d 267 (E.D.N.Y. 2005) and *United States v. Feger*, 10-cr-346S (W.D.N.Y. March 28, 2012).   The authority the government relies upon is not authority at all on this issue.

*Schlesinger* involved forfeiture of money under mail and wire fraud statutes, not the drug offense or sex trafficking statutes.  That is critical.  The relevant statute, 18 U.S.C. § 982, provides "any property, real or personal, involved in such offense, or any property traceable to such property is subject to criminal forfeiture."  In its decision, the court explicitly notes that "[t]he term 'involved in' has consistently been interpreted broadly by courts to include any property involved in, used to commit, or used to facilitate the money laundering offense." *Schlesinger*, 396 F. Supp. 2d at 271.  Stated another way, the statute relied upon by the government in *Schlesinger* had broader,

more inclusive language that disregarded claims of ownership.  Presumably that is because the mail and wire fraud statute usually looks to forfeiture of cash or cash adjacent assets.  The language of that statute is not found in the statutes relied upon by the government here.

What is more, in analyzing the issue in *Schlesinger*, the court ultimately pivoted in its analysis and rendered a decision about the forfeitability of real property on the basis of civil asset forfeiture, not criminal asset forfeiture. Id. at 274.  Thus, *Schlesinger* involved analysis of statutes and legal theories that are not present here.  The decision does not and cannot be cited for the proposition that the Court should disregard the plain language of Section 853 or 1594.

*United States v. Feger* does not provide any further support for the government's position.  In that case, defendant had been convicted at trial of various firearm offenses.  In his Rule 29 motion after conviction, the defendant also challenged the order of forfeiture, pointing to his brother's assertion at trial that the gun was a "special gun" to the family.  In response, the government pointed to "ample" other trial testimony from other witnesses establishing the defendant's ownership.  Notably, and critical to the Court's decision, in reply and at oral argument the defendant "failed to respond to the government's argument" – apparently conceding the issue and not pressing any further.  As is noted in the decision, the concession by the defendant was critical to the

Court's decision in entering the preliminary order of forfeiture. *Feger,* 2012 wl 1040181 at 17.

Neither case relied upon by the government supports its position that the Court should disregard the true ownership of the 999 Aero Drive in entering any order relating to forfeiture. To the contrary, the plain language of the statutes at issue instructs that only the property interests of the defendant are subject to forfeiture. Here, the evidence is clear that Mr. Gerace does not have and never had any ownership interest in 999 Aero Drive.

## IV.    Conclusion

Mr. Gerace does not have any ownership interest in the real property located at 999 Aero Drive. The statutes relied upon by the government only permit forfeiture to the extent the defendant has an ownership interest. For that reason, the Court should not issue a preliminary order of forfeiture as to the real property located at 999 Aero Drive.

DATED:       April 10, 2026

s/ Mark A. Foti, Esq.                                             s/ Eric M. Soehnlein, Esq.

Mark A. Foti, Esq.                                              Eric M. Soehnlein, Esq.
**The Foti Law Firm, P.C.**                                     **Soehnlein Law, PLLC**
16 W Main Street, Suite 100                                     135 Delaware Avenue
Rochester, NY 14614                                             Suite 406

7

(585) 461-1999                                          Buffalo, NY 14202

(585) 491-6512                                          (716) 771-9092